## Illinois Central R. R. Co., and N. W. Cole,

*v.*

## William T. Whittemore.

1.  Railroad companies — *concerning violation of rules of — by passengers — refusal to surrender ticket — and non-payment of fare — distinct offenses.* The refusal of a passenger to surrender his ticket to the conductor when demanded, does not constitute the same offense as the non-payment of fare, and the statutory prohibition against the expulsion of passengers for the latter offense, except at a regular station, does not apply to the former case.

2.  Same — *when may expel at a place other than a regular station.*   A railroad company may expel a passenger from its train, at a place other than a regular station, for the violation of any reasonable rule, other than that of non-payment of fare.

3.  Same — *in what case — passenger can only be expelled at a regular station.* The statute forbids the expulsion of a passenger at a place other than a regular station, only in case of a refusal to pay fare.   And neglect by a passenger to purchase a ticket before entering the train, when required by the rules of the company, in substance amounts to a refusal to pay fare, and justifies an expulsion only at a regular station.

4. SAME — *may require an observance of all reasonable rules.* A railroad company has the right to require of its passengers the observance of all reasonable rules, calculated to insure comfort, convenience, good order and behavior, and secure the safety of its trains, and the proper conduct of its business as a common carrier.

5. SAME — *expulsion by — for violation of rules — a common law right.* When a passenger wantonly disregards any reasonable rule, the obligation to transport him ceases, and the company may expel him from the train, using no more force than may be necessary for such purpose, and not at a dangerous or inconvenient place. This is a common law right, and has been restricted by statute only in cases of non-payment of fare.

6. SAME — *what will be considered a reasonable rule.* A rule adopted by a railroad company, requiring passengers to surrender their tickets to the conductor when called for, is a reasonable one, and may be enforced.

7. INSTRUCTIONS — *the court must determine whether a rule adopted by a railroad company is a reasonable one.* It is error for a court to submit to the jury the question, whether a rule adopted by a railroad for the government of its business, is a reasonable one, or not. Such question is one purely of law, and must be determined by the court.

8. EVIDENCE — *showing necessity of rule — admissible.* But it is proper for the court to admit testimony, in regard to the necessity of such rule.

APPEAL from the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. WILLIAMS & BURR, for the appellants.

Messrs. INGERSOLL, PUTERBAUGH & SHAW, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass, brought by Whittemore against the Illinois Central Railroad company and N. W. Cole, a conductor in the service of the company, for wrongfully expelling the plaintiff from a train. It appears, the plaintiff had taken passage from Decatur to El Paso, and had procured the necessary ticket. After the train passed Kappa, the station preceding El Paso, the conductor demanded the plaintiff's ticket, which the latter refused to surrender without a check. This the conductor refused to give, and after some controversy with the

plaintiff, stopped the train and with the aid of a brakeman expelled the plaintiff. There is considerable evidence in the record given for the purpose of showing, that, even admitting the right of the defendants to expel the plaintiff, an unnecessary and wanton degree of violence was used, from which the plaintiff received a permanent and severe injury. As, however, the case must be submitted to another jury, we forbear from any comments on this portion of it. The jury gave the plaintiff a verdict for three thousand, one hundred and twenty-five dollars, for which the court rendered judgment, and the defendants appealed.

In sustaining a demurrer to the fourth plea, and in giving the instructions, the Circuit Court held, that, although the rules of the road required the conductor to take up the plaintiff's ticket, and notwithstanding he may have refused to surrender it when demanded, the defendants had no right to expel him from the cars, except at a regular station. In support of this position, it is urged by counsel for appellee, that the refusal to surrender the ticket was merely equivalent to a refusal to pay the fare, and that the statutory prohibition against the expulsion of passengers for this cause, except at a regular station, should be applied to cases like the present. We held, in the case of *C. & A. R. R.* v. *Flagg*, decided at the January Term, 1867 (*ante*, p. 364), that the neglect to buy a ticket before entering the train, when required by the rules of the road, was the same thing in substance as the refusal to pay the fare, and justified an expulsion only at a regular station. But the refusal to surrender a ticket, for which the requisite fare has already been paid, is certainly not the same thing as refusal to pay the fare. It may be no worse offense against the rights of the railroad company than the refusal to pay the fare, but it is not the same offense. Perhaps there was no good reason why the legislature should have forbidden railways to expel a passenger only at a regular station for the non-payment of fare, and have left them at liberty to expel one at any other point, for the disregard of any other reasonable rule. But it has done so, and it is our duty to leave the law as the legislature thought proper to establish it.

What, then, is the right of a railway company in reference to its passengers? Clearly, to require of them the observance of all such reasonable rules as tend to promote the comfort and convenience of the passengers, to preserve good order and propriety of behavior, to secure the safety of the train, and to enable the company to conduct its business as a common carrier with advantage to the public and to itself. So long as such reasonable rules are observed by a passenger, the company is bound to carry him, but if they are wantonly disregarded, that obligation ceases, and the company may at once expel him from the train, using no more force than may be necessary for that purpose, and not selecting a dangerous or inconvenient place. This is a common law right, arising from the nature of their contract and occupation as common carriers, and, as already remarked, it has been restricted by the legislature only in cases where the offense consists in non-payment of fare. *Ch., B. & Q. R. R. Co.* v. *Parks*, 18 Ill. 460; *Hilliard* v. *Gould*, 34 N. H 230; *Cheny* v. *Boston & Maine R. R. Co.*, 11 Metc. 121. If, then, the regulation requiring passengers to surrender their tickets was a reasonable one, the ruling of the court below on this point was erroneous.

That the rule is a reasonable one really admits of no controversy. It was shown by witnesses on the trial, and must be apparent to any one, that the company must have the right to require the surrender of tickets, in order to guard itself against imposition and fraud, and to preserve the requisite method and accuracy in the management of its passenger department.

The Circuit Court left it to the jury to say whether the rule was reasonable. This was error. It was proper to admit testimony, as was done, but, either with or without this testimony, it was for the court to say whether the regulation was reasonable, and, therefore, obligatory upon the passengers. The necessity of holding this to be a question of law, and, therefore, within the province of the court to settle, is apparent from the consideration, that it is only by so holding, that fixed and permanent regulations can be established. If this question is to be left to juries, one rule would be applied by them to-day and another

to-morrow. In one trial a railway would be held liable, and in another, presenting the same question, not liable. Neither the companies nor passengers would know their rights or their obligations. A fixed system for the control of the vast interests connected with railways would be impossible, while such a system is essential equally to the roads and to the public. A similar view has recently been taken of this question in the case of *Vedder* v. *Fellows*, 20 N. Y., 126.

The judgment must be reversed; but if it appears, upon another trial, that unnecessary violence was used, the defendants must respond in damages.

*Judgment reversed.*