Wright, J.
The statement of the case involves, and we only propose to consider this rule No. 30, and the charges given.and refused with relation to it.
By the ninth charge the railroad company asked that as to the conduct of its agents and servants, while in its service, it had the right to make just such rules and regulations, as in its judgment were reasonable and proper. The-charge, however, was that the railroad company was authorized to make such rules as were reasonable. Thus-making somebody else the arbiter as to the reasonableness-of rules, and not the railroad company, and leaving it to the jury to judge of such a question.
As to outside parties, those not in the service of the company, it is generally maintained that an inquiry as to the reasonableness of rules and regulations is proper. 1 Red. Ry., ch. 6, § 1, etc.
These questions must frequently arise with reference to-passengers, but even then it is held that the question of reasonableness or not is purely a question of law to be determined by the court, and never to be left to the jury. Vedeler v. Fellows, 20 N. Y. 126 ; Ill. Cent. R. R. v. Whittemorer 43 Ill. 420.
The reason, and a sufficient one, for thus holding, is, that as a question of law certainty is ascertained. If it be submitted to juries, one jury may hold a rule to be reasonable, the next may hold the reverse.
Although the reasonableness of a regulation may be disputed by a passenger, we find no case where it has been allowed to an employe of the company. If a railroad company can not have strict compliance with its orders from *235 its servants, subordination and discipline would be at an end.
If the employe is justified in disputing the reasonableness or propriety of a regulation, it- must follow that-he is justified in disobeying that regulation, if his judgment so dictates, and upon such principles railroads would-be run with the greatest difficulty, and most imminent danger to the traveling public.
These companies are held to a severe line of responsibility for the acts of their servants, upon the idea that the act-of the servant is the act of the master; because the master has told the servant exactly what to do, and he has done it.
Certainly the whole law, “ qui facit per ctlium” etc., depends upon the idea of obedience to-.orders. The conduct of a gigantic corporation, with hundreds and thousands of employes, is not unlike that of an army; its entire action depends upon the fact that the commands emanating from authority are to be complied with by every one subordinate-to that authority.
In this case, a rule is in force, known to the employe, directing him how to couple cars. He willfully disregards-that rule, refuses to obey it, and is thereby hurt; hurt simply because he disobeys an order. It can not be proper that he should now claim damages for that hurt, because, he-says, in his judgment, this was not a reasonable rule. It must be allowed that, as to their own employes, companies may be allowed to make such rules as they think best. No-one need accept service under such rules, except of his own volition; but, having accepted, he is bound by them, at least so far as that he can not recover damages for a direct •violation of them.

Judgment affirmed.