HOFFBAUER v. THE D. & N. W. R. Co.

1. **Railroads:** PASSENGERS: NEGLECT TO PURCHASE TICKET. Where a passenger, though having opportunity, neglected to purchase a ticket, *held*, that it was error to instruct the jury that the reasonableness of the regulation of the company making an additional charge in such cases was a question of fact for their determination.

2. ——: ——: REFUSAL TO PAY FARE. It was also error to charge the jury that if the conductor received and retained the fare tendered by the passenger he was not justified in expelling such passenger for a refusal to pay the additional sum demanded.

3. ——: ——: ——. After the train had been stopped for the expulsion of the passenger, he could not by a tender of the amount demanded reimpose upon the railroad company the obligation of the contract which he had violated by a refusal to pay in the first instance, and he was rightfully ejected notwithstanding such tender.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 28.

THE plaintiff took passage on the defendant's cars at Delhi for Delaware Center, a distance of about four miles, and after riding a small portion of the distance was forcibly removed from the cars by the conductor. He brings this action to recover the damages which he alleges that he sustained by reason of the expulsion. The evidence in regard to the circumstances of the expulsion is somewhat conflicting. But according to the testimony of the plaintiff the facts were as follows: He went aboard the cars without procuring a ticket, his failure to procure a ticket resulting from the fact that he arrived at the station but a short time before the train started, and that short time he consumed in conversation with a person with whom he had business. When the conductor called for tickets the plaintiff tendered sixteen cents, the price of a ticket, and the conductor received it, demanding, however, ten cents more, being the extra charge where no ticket is procured. This the plaintiff declined to pay. The conductor, after some altercation with him in regard to the extra charge, rang the bell and stopped the train, and called in the brakeman to assist

in putting him off. The plaintiff, rather than be put off, offered to pay the extra ten cents, but the conductor refused to receive it and expelled him from the cars. There was a trial by jury, and a verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Grant & Grant* and *Peters & Heath*, for appellant.

*McCeney & O'Donnell*, for appellee.

ADAMS, J.—I. The court instructed the jury that "every railroad company may charge one rate of fare to those passen-

1. RAILROADS: passengers: neglect to purchase ticket.

gers who purchase tickets before taking their seats in the cars, and exact an additional sum of those who neglect to do so, and such a regulation is a reasonable one. The reasonableness of the regulation is a question of fact for the jury to decide under all the circumstances of the case." The appellant insists that the court erred in instructing the jury that the reasonableness of the regulation was a question for them to decide.

The different parts of the instruction do not seem to be consistent with each-other. If the regulation was reasonable as a matter of law, it was not a question of fact for the jury.

But no question, we think, arose in regard to the reasonableness of the regulation. The regulation is allowed by statute, chapter 68 of the laws of the Fifteenth General Asssembly. In our opinion the appellant's objection to the instruction is well taken.

There might, indeed, be a question as to whether the facts were such, in a given case, that the regulation could be properly enforced. The statute provides that an extra charge of ten cents may be made, where a ticket might have been procured within a reasonable time before the departure of the train. But in this case there is no pretense that a ticket might not have been procured within such time.

II. The court instructed the jury, in substance, that if the plaintiff tendered sixteen cents, and the conductor received it

2. ———: ———: refusal to pay fare.

and retained it, he was not justified in putting the plaintiff off the cars. The giving of this instruction is assigned as error.

The train had started and a part of the journey of four miles had been passed over when the conductor demanded of the plaintiff the payment of fare. The company was entitled at least to fare for the distance which it had carried him, at the rate of four cents per mile. It was entitled also to ten cents as an additional charge allowed by statute in such case. Whether the plaintiff rode a mile and a half, or the distance which six cents would pay his fare the evidence does not show, but even if it showed that he had not rode that distance we do not think that the instruction could be approved. The plaintiff was certainly not entitled to be carried more than a mile and a half. But the plaintiff did not apply to be carried simply that distance, and probably did not desire to be. In the absence of any contract between the passenger and the company, it is proper for the company to put the passenger off as near the starting point as possible, provided the place is otherwise suitable. In this case there was no contract. The implied contract arising from the plaintiff's taking a seat in the cars had been broken by his refusal to pay. No contract arose to carry plaintiff to the end of the first mile and a half, because the money tendered by plaintiff, and received by defendant, was neither tendered nor received with such understanding. It may be, if the plaintiff was carried less than a mile and a half, that the defendant should have refunded something; but that obligation did not arise until the plaintiff's journey had been terminated, and even then we think that the defendant should have a reasonable time to ascertain the distance traveled and make the proper change.

III. The court further instructed the jury, in substance, that if the plaintiff, before his expulsion, tendered the full fare, including the extra charge of ten cents, then his expulsion was wrongful. The giving of this instruction is assigned as error. The defendant was entitled to full fare upon demand. The moment the plaintiff declined to pay it the defendant was released from all obligation to carry him upon that train. *Stone v. The Chicago and Northwestern R. Co.*, 47 Iowa, 82; *O'Brien v. The B. & W. R. R. Co.*, 15 Gray, 20.

The rule that a passenger may test the regulations of the company and the firmness of the conductor by refusing to pay full fare, and still save himself from expulsion by tendering full fare after expulsion had commenced, is not only uncalled for for the just protection of the recusant passenger, but would tend to encourage a practice which, if indulged in, would interfere with the convenience of the company, and the dispatch and quiet to which other passengers are entitled. In giving the instruction we think that the court erred.

REVERSED.