Davis, J.
It is objected that the circuit court erred in refusing to strike off the bill of exceptions taken in the court of common pleas by the plaintiff in error, for the reason that the defendant in error did not have the ten days provided by Section 5301, .Revised Statutes, in which to file his objections and amendments to the bill of* exceptions. The presumption is that notice was given to counsel and that they had an opportunity to inspect and object to the bill, although the record is- silent as to that fact. It does not appear that counsel did not waive the right to object to the bill within ten days after notice that it had been filed with the clerk. State v. Wirick, 81 Ohio St., 343.
There, is scarcely any room for debate, and none is attempted here, as to the rule which governs in making an allowance out. of an estate for funeral expenses. “’The amount which will be allowed for funeral expenses in the absence of statutory or testamentary provisions, is governed by the value of the decedent’s estate, his station in life, and the customs of people in the same station; but the expenditure must in all cases be reasonable, and if extravagant will be disallowed even as against the legatees and next of kin.” 11 Am. & Eng. Ency. of Law (2 ed.), 1263; 18 Cyc., 438; Schouler on Executors (3 ed.), Section 421; 2 Woerner Am. Law of Administration (2 ed.), Section 360; 1 Rockel Ohio Probate Prac., Section 650; Giauque Settlement of Estates (7 ed.), 615-617. But it-.is *194 insisted here: 1, that the plaintiff in error is estopped; 2, that this court is concluded by the findings o£ the court below; and 3, that the amount paid by the administrator for funeral expenses was reasonable.
If we may admit that the liability^ of the administrator may be limited and the conscience of the court circumscribed by the assent of the sole beneficiary of the decedent’s will, grudgingly given and almost’extorted, still it does not appear to us that the defendant in error has made out a case of estoppel against the plaintiff in error. While it is true that one who, having a right, induces another to act on the belief that the right will not be asserted, will not be afterwards allowed to exercise it, and while it is also true that'one may estop himself by acquiescence or by silence when he ought to speak, nevertheless it is true that the burden is upon the party who relies on the estoppel, to prove clearly and unequivocally every fact essential to the estoppel. 11 Am. & Eng. Ency. of Law (2 ed.), 424; 16 Cyc., 811, 812. Now, in this case the defendant in error, who is claiming an estoppel against the plaintiff in error, was the superior in knowledge and experience of the duties of an administrator. He testifies that when the plaintiff in error came to the undertaker’s the Odd Fellows had already practically purchased the casket; and he and other witnesses testify that the plaintiff in error consented to, or at least silently acquiesced in, the purchase. Yet they all admit that she objected on the ground that the deceased never believed in expensive funerals and she wanted a cheaper casket, sáy, from sixty to *195 ninety dollars. The plaintiff in error explicitly and circumstantially denies that she assented to the purchase which was made, and her denial and the circumstances surrounding the transaction raise such a sharp conflict of evidence that we are unable to say that the facts which are claimed to amount to estoppel are clearly and satisfactorily proven. The estoppel therefore fails.
Next it is claimed that the general finding of the circuit court is a finding of fact and therefore conclusive upon us.
Ordinarily an issue as tb the reasonableness or unreasonableness of anything, is regarded as. a mixed question of law and fact; but where the facts are clear and undisputed it is to be regarded as purely á question of law. For example, in Tindal et al. v. Brown, 1 T. R., 167, it was held that what is reasonable notice of non-payment to an indorser is a question of law; and Lord Mansfield said: “What is reasonable notice is partly a question of fact and partly a question of law. It may depend in some measure on facts; such as the distance at which the parties live from each other, the course of the posts, etc. But wherever a rule can be laid down with respect to this reasonableness, that should be decided by the court, and adhered to by every one for the sake of certainty.” And in the same case Buller, J., remarked: “Whether the post goes out this or that day, at what time, etc., are matters of fact; but when those facts are established, it then becomes a question of law on those facts, what notice shall be Reasonable.”
*196 The same principle has been recognized .in determining whether a rule of a railway company was ' a reasonable regulation. In Railway v. Adcock, 52 Ark., 406, it was said per curiam: “The facts being uncontroverted, it was the province of the court to declare the regulations reasonable. To submit the question to the jury for determination, under such circumstances, was simply to leave the matter to their discretion, which was error.” See also Railway Co. v. Hammond, 58 Ark., 324; Illinois Cen. R. R. Co. v. Whittemore, 43 Ill., 420; Redder v. Fellows, 20 N. Y., 126; Hoffbauer v. The D. & N. W. R. Co., 52 Iowa, 342; P. C. & St. L. Ry. Co. v. Lyon, 123 Pa. St., 140.
A similar rule was announced as to deviation in a marine insurance case. L. & I. Riggin v. Patapsco Ins. Co., 7 Harris & Johnson (Md.), 279.
“What is a reasonable time within which an act must be done may be a question of law. Where the facts are clearly established, or are undisputed or admitted, the reasonable time is a question of law.” Hill y. Hobart, 16 Me., 164.
Where a statute imposed a penalty for issuing a marriage license without reasonable inquiry, it was held that the question as to what is reasonable inquiry, under a known state of facts, is one of law for the court. Trolinger v. Boroughs, 133 N. Car., 312.
Further statements of the rule and illustrations of its application by this court will be found in Walker v. Stetson, 14 Ohio St., 89; Bassenhorst v. Wilby, 45 Ohio St., 333; and The Travelers’ *197 Insurance Co. v. Myers & Company, 62 Ohio St., 529.
We therefore hold that, upon the conceded and clearly proven facts disclosed in this record, it is within the proper province of this court to review the finding of the court below as to the reasonableness of the amount expended by the administrator for burial of the decedent.
The whole amount realized from the decedent’s estate was $798.32 and the administrator claims credit for $201.40 paid for funeral expenses, of which the following item is most seriously contested, viz.: “One cloth casket, copper lined, with silver handles, engraved name plate and use of car, $150.00.” The deceased was an old man, with no immediate family surviving, and in his later years, with no stated income or occupation. He had been a sailor on the lakes and an engineer in small steamers. His tastes and habits were simple and his expenditures modest and economical. A short time before his death he had been an inmate of the Odd Fellows’ Home at Springfield, Ohio, and at the time of his death, by suicide, he was living at a place called the Kunzman Flotel. For reasons satisfactory to himself, and which afterwards seemed sufficient to a court, he made a will making the plaintiff in error his sole legatee, and excluding' his collateral relatives. A com'mittee of Odd Fellows assumed charge of the funeral, and this committee and some of the disappointed relatives proceeded to order the funeral and select the casket, although they had been previously apprised of the fact that the deceased had left a will and that the plaintiff in error was
*198 the sole legatee. The administrator called in the plaintiff in error, and, while it is a disputed question whether she consented to the purchase of this' casket or not, it is not denied that she did object to it as inappropriate and unnecessarily expensive. The administrator appears to have been a person having knowledge of the usual duties of an administrator, for he had been a clerk in the office of the probate judge. He was there as a trustee for creditors and the legatee. He was not bound to listen to the desires and importunities of persons who desired to be liberal with money which was not theirs to spend. He is presumed to have known the law, and that, no matter who desired it or who assented to it, his act in purchasing that casket was liable to be reviewed, either with or without exceptions, by the probate court when he should account for the assets of the estate. According to the testimony of the undertaker himself, a decent and respectable burial, with broadcloth covered casket, mounted with silver handles and name plate, may be had for seventy-five dollars and even less. In view of all of these circumstances, and especially of the fact that the cost of this funeral was made to be one-fourth of the entire estate, we think that the amount allowed by the court of common pleas and affirmed by the circuit court should be reduced to one hundred dollars, the amount allowed by the pro-' bate court.

Judgment accordingly.

Summers, C. J., Crew, Spear and Price, JJ., concur.