Samuel Morris, Respondent, *v.* The Atlantic Avenue Railroad Company of Brooklyn, Appellant.

Plaintiff took passage on one of defendant's cars, paying the usual fare. A rule of the company imposed an extra charge for each package "·too large to be carried on the lap of the passenger without incommoding others." Plaintiff carried two packages of picture frames about two feet in length and twenty inches wide, and, because of alleged refusal to pay an additional charge therefor or to leave the car, was forcibly ejected therefrom. In an action for assault and battery, *held*, that the question as to whether the packages came within the rule was one of fact for the jury; that the determination of the conductor in reference thereto was not conclusive.

The conductor was called as a witness for defendant. On his cross-examination he was asked whether he testified on a former occasion that he told the plaintiff at the time of the occurrence in question that he could · not ride inside the car because it was against the rules unless he paid for the packages; he answered in the affirmative. A witness called by the plaintiff, for the purpose of contradicting the conductor, was asked, and permitted to answer under objection and exception, this question: "Did he testify that he demanded that the plaintiff should pay for frames and that he refused to pay ?" His answer was to the effect that the conductor did not so testify. *Held*, that the reception of the testimony was error; that the answer in the affirmative by the conductor closed the inquiry, as there was nothing legitimately to contradict.

(Argued November 1, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 27, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was for an alleged assault and battery.

In March, 1886, the plaintiff took passage on one of defendant's cars, and after having paid the usual fare of five cents and after riding some distance was forcibly ejected from the car by the conductor and driver, by which the plaintiff alleged that he sustained a personal injury. The alleged reason for putting him off was that the plaintiff had packages so large as to require the payment of additional fare pursuant to a rule or regulation of the company, of which the

following is a copy: "Trunks, baskets, bundles, conductors will charge as follows: Trunks, twenty cents; baskets or boxes of fruit or vegetables, ten cents each; for each valise, basket or package, too large to be carried on the lap of the passenger without incommoding others, five or ten cents, according to size." The packages consisted of three picture frames done up in two parcels which were about two feet in length and nearly twenty inches in width. The plaintiff, when requested, refused to go on to the platform of the car or to leave it.

The further material facts are stated in the opinion.

*W. W. MacFarland* for appellant. The intendment of law is that an error in the admission of evidence is prejudicial to the party objecting and will be ground for the reversal of the judgment, unless the intendment is clearly repelled by the record. The error must be shown conclusively to be innocuous. (*Coleman* v. *People*, 58 N. Y. 561, 562; *Carroll* v. *Dientel*, 95 id. 252.) The error in the admission of the evidence was not cured by the fact that the charged implied that it was unimportant. (*Erben* v. *Lorillard*, 19 N. Y. 303.) When a ruling has once been made and an exception has been duly taken, the party must stand by the position taken, and his adversary has the right to hold him to it and insist upon his exception. (*Furst* v. *S. A. R. R. Co.*, 72 N. Y. 546.) The statement of the conductor sought to be contradicted had been drawn out by the plaintiff on cross-examination and was irrelevant to the case, and, therefore, the endeavor to contradict it was an attempt to raise a collateral issue, which is not permissible. (*Furst* v. *S. A. R. R. Co.*, 72 N. Y. 545.)

*F. L. Backus* for respondent. The verdict was not excessive. (*Leeds* v. *M. G. L. Co.*, 90 N. Y. 29.)

BRADLEY, J. The action was brought for an alleged assault and battery, committed upon the plaintiff by the servants of the defendant, in forcibly removing him from one of its cars on which he had taken passage. The defendant relied, for justifi-

cation of the ejection of the plaintiff from the car, upon his alleged refusal to pay the additional fare required by the regulations of the company when a passenger takes into its car a package too large to be carried on the lap of the passenger without incommoding others; and it is claimed that the plaintiff had a package which brought him within the operation of that regulation; and that he refused to pay such additional fare as well as to leave the car, on request, before force was applied to remove him. It may be assumed that the regulation referred to was a reasonable one, and, therefore, if the facts were as claimed on the part of the defendant, the use of the requisite force for the removal of the plaintiff from the car was justified. Such was the view of the trial court. But there was a controversy, in respect to facts, presented by conflicting evidence. It appears that the plaintiff paid to the conductor, and the latter received from him, the usual passenger fare of five cents. The testimony of the plaintiff was that he was not asked to pay any additional fare, but all that was required of him by the conductor, before he was taken out of the car, was that he either go out on to the platform or leave the car. The questions were presented whether the package came within the rule which entitled the defendant to the additional fare, and if it did, was the plaintiff requested or did he refuse to pay such fare before his ejection from the car. These were by the trial court treated as questions of fact and submitted to the jury as such. The negative of either fact would entitle the plaintiff to recover. The latter was clearly a question of fact upon the evidence.

In respect to the other proposition, the court was requested to hold, as matter of law, and charge the jury, that the bundles were too large to be carried on the lap of the passenger without incommoding others. Exception was taken to the refusal to so charge. And the court was further requested, and declined, to charge that "the question as to whether the packages were too large was not a matter to be decided by the plaintiff, but is to be decided by the defendant, and if its agents in the exercise of fair judgment, and in good faith, determine that a

package is too large and requires pay, the passenger must comply with a request to pay or leave the car," and exception was taken to such refusal. For the successful operation of the road, and for the accommodation and comfort of its passengers, certain regulations are evidently essential. The one in question was reasonable, but that portion of it relating to the present case is indefinite in so far that it does not in terms furnish all the information necessary to its execution, which is dependent upon the fact that the package is too large to be carried in the lap of the passenger without incommoding others. A package may be such and so large as to require the conclusion that it is within the rule, which entitles the company to demand the increased fare, and in such case the court might, as matter of law, so determine. When it does not necessarily so appear, the question arising, in that respect, becomes one of fact to be otherwise disposed of. In the present case the court could not hold that the package was within the meaning of those referred to in the regulation. The right of the plaintiff was dependent upon the application of the regulation to his package, and not upon the judgment of the conductor. The ability of the latter to construe the regulation, and to determine whether the package justified the demand of more fare, may have been greater than that of the plaintiff, but their right to exercise their judgments in that respect, subject to the consequences, was not unequal. The question was for the jury to determine whether the extent of the plaintiff's package was such as to be embraced within the meaning of the regulation. The question is one of the weight of evidence, which was solely for the consideration of the court below. If the execution of this portion of the regulation is liable to be attended with embarrassment, it is because its terms, descriptive of the packages referred to, are not sufficiently definite to furnish a certain guide to the company's servants, who are required to execute it.

There was no error in the reception of evidence of the number of passengers in the car when the plaintiff entered. While that fact had no bearing upon the question of the right

of the plaintiff to ride without paying additional fare, it was descriptive of the situation. If all the seats had been full, there would have been some demonstration of the fact, whether any of the others were incommoded by the package, as bearing upon the question on the trial in that respect. And it. was not improper to show the number present who saw the transaction, which resulted in the removal of the plaintiff from the car. The court distinctly charged the jury that the number of passengers in the car, or the opportunity to carry a package because the number was small, had no bearing on the question of the right of the defendant to require of the plaintiff the observance of the regulation, and on his refusul to do so to expel him from the car if his package was such as to justify it.

After this occurrence, and upon the complaint of the plaintiff, the matter of policeman Campbell, who had been called upon by the conductor to assist in the removal of the plaintiff from the car, was brought to a hearing on that account before the police commissioners of Brooklyn, and the conductor and driver there testified as witnesses. On their cross-examination, on the trial of the present case, they were by the plaintiff's counsel asked whether they made certain statements on the hearing before the commissioners, and, after their answers, evidence was given that they testified otherwise there. This evidence was not competent on the merits as against the defendant, but so far as the facts embraced within those statements were material to the issue on trial, the contradictory evidence was competent solely for the purpose of affecting the credibility of the witnesses. It must be assumed that it was received for that purpose only, and, therefore, competent. It is for such purpose permitted, in that manner, to prove that a witness has made prior statements contradictory to those which he states on the trial, as bearing upon his credibility or reliability as a witness. The plaintiff not only did this but went further. The conductor on his cross-examination was asked whether he testified before the commissioner that he told the plaintiff, on the occasion in question, that he could not ride inside the car

because it was against the rules, unless he paid, referring to the additional fare on account of the package. The witness answered in the affirmative. Then, by way of contradiction, another witness, who was present and took the notes of evidence on that hearing, was asked, did he testify that he demanded that the plaintiff should pay for the frames, and that he refused to pay? To which objection was made on the ground, that the question was not asked the witness, that it was immaterial and collateral, and that the issue on the hearing was different from the one in this action. The objection being overruled and exception taken, the witness answered, to the effect that the conductor did not so testify, or testify to anything about paying for the package. This evidence was not contradictory of any thing which the conductor stated on the hearing before the commissioner, and, therefore, did not come within the rule which permits evidence of that character to impeach the credit of a witness. The question, to which the objection was taken, was not whether the conductor had made any particular statement prior to the trial, in conflict with that made by him on this trial, or whether he had made one which he on cross-examination denied having made, but whether on the former hearing he had stated what on this trial he said he had there stated. The fact whether he had or not so testified on that hearing, was not relevant to the issue in this action, although the fact whether he did demand payment was a material one upon such issue. The answer in the affirmative, by the conductor, of the question put to him by the plaintiff's counsel, closed the inquiry in respect to the statement embraced in it. There was nothing to legitimately contradict. The witness by such answer testified that he had upon such hearing made the statement to which his attention was called by the question. And inasmuch as the fact whether or not he had so testified, was collateral and irrelevant in this action, the plaintiff was concluded in his inquiry by the answer given by the witness. The evidence was, therefore, incompetent. (*Commonwealth* v. *Hawkens*, 3 Gray, 463; *Height* v. *People*, 50 N. Y. 392; *Hart* v. *H. R. B. Co.*, 84 id. 56.)

The question whether the plaintiff was by the conductor asked, and refused after he was asked, to pay the additional fare before he was put off the car, was in dispute upon the conflicting evidence.    And it cannot be seen that the evidence that the conductor made no statement to that effect on his examination as a witness before the police commissioner shortly after the occurence, may not have been prejudicial to the defendant upon that question of fact.    For that reason, and for that error, the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.