# Finney *v.* Denny.

## *Action of Assumpsit.*

1.  *Pleading and practice; sufficiency of plea of set off.*—A plea of set off alleging that at the time the suit was commenced plaintiff was indebted to the defendant in a certain named sum by liquidated or unliquidated demand, as the case may be, amounting to said named sum, on, to-wit, a certain date and due at that date to the defendant, which he offers to set off against the demand of the plaintiff, is sufficient and not subject to demurrer for failing to show what the demand is or when it was due.

2.  *Same; recital of judgment; appeals.*—The recital in a judgment in a case where pleas of set off were interposed, to two of

[Finney v. Denny.]

which demurrers were sustained, that "it was shown in this case that the only claim of set off that defendant had against the plaintiff was that claimed in" a plea designated by number, on which there was a verdict for plaintiff, is not conclusive to show that the defendant was not injured by the error of the court in sustaining a demurrer to the other pleas of set off, and does not prevent a reversal of the judgment for the error committed in so sustaining the demurrer.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

This was an action brought by the appellee, John D. Denny, against the appellant, Charles E. Finney; and counted upon an instrument under seal executed by the defendant to the plaintiff.

The defendant filed the following pleas: "1. That he has fully paid off and discharged the instrument sued on before the commencement of this suit.

"2. That at the time this suit was commenced the plaintiff was indebted to him in the sum of two thousand dollars, by an unliquidated demand, amounting to two thousand dollars, stated above, to-wit, the 25th of December, 1891, and due at that date to the defendant, which he hereby offers to set off against the demand of the plaintiff, and he claims the judgment for the residue.

"3. That at the time this suit was brought the plaintiff was indebted to him in the sum of two thousand dollars by a liquidated demand amounting to two thousand dollars, stated above, to-wit, the 25th of December, 1891, and due at that date to the defendant which he hereby offers to set off against the demand of the plaintiff, and he claims the judgment for the residue."

"5. Comes the defendant and for further answer to said complaint, and as a defense to the action of plaintiff, saith that at the time said action was commenced the plaintiff was indebted to him in the sum of two thousand dollars due for money paid by mistake by defendant to plaintiff, on, to-wit, Dec. 25th, 1891, which money plaintiff was not entitled to receive, and which, of right, the plaintiff was due to defendant on said date, which defendant hereby offers to set off against the de-

[Finney v. Denny.]

mand of the plaintiff, and he claims the judgment for the residue."

To the 2d and 3d pleas the plaintiff demurred upon the grounds: 1. The pleas fail to state what said unliquidated or liquidated demand was. 2d. That they fail to state when said demand offered to be set off was due. 3d. They fail to show a cause of action by defendant against plaintiff. This demurrer was sustained, and the defendant duly excepted.

Upon issue joined on the 1st and 5th pleas, there was verdict in favor of the plaintiff. After reciting the ruling upon the pleadings and the finding of the verdict by the jury, the judgment entry then recites: "It is therefore adjudged by the court that the plaintiff, John D. Denny, have and recover of defendant C. E. Finney the said sum of two hundred and forty dollars as damages besides the costs of this suit, for which let execution issue. It was shown in this case that the only claim of offset that defendant had against the plaintiff was that claimed in plea No. 5. And it further appearing to the court that the instrument upon which this. suit was brought and upon which this judgment is based contains a waiver of exemptions as to personal property, it is therefore adjudged," &c.

The transcript contains no bill of exceptions, and on the appeal taken from this judgment the defendant assigns as error the ruling of the court in sustaining the demurrers to the 2d and 3d pleas.

LUM DUKE and E. M. OLIVER, for appellant.—Pleas 2 and 3 are in precisely the form laid down in the Code and have been adjudged sufficient.—Code of 1886, p. 797, Form No. 37, Set-off; *Lang v. Waters,* 47 Ala. 624. The legislature is supreme in its legislative enactments, circumscribed only by the constitution, and the forms of pleading which it has prescribed as sufficient and laid down in the Code as sufficient, are sufficient.—*Crimm v. Crawford,* 29 Ala. 626; *Pickens v. Oliver,* 29 Ala. 528; *Pool v. Mingo,* 50 Ala. 100; *Chickering v. Bromberg,* 52 Ala. 528; *Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538.

When there is error, the court presumes injury. *Mitcham v. Moore,* 76 Ala. 542; *Falls v. Weissinger,* 11

Ala. 801. The reasons announced by the court to sustain its decision constitutes no part of the judgment. Freeman on Judgments, § 2; 3 Blackstone's Commentaries, * 395; *Newsom v. Guy*, 109 Ala. 305.

ROBINSON & DUKE, *contra.*—It is an elementary principle that "a plea of set-off must describe the debt intended to be set-off, with the same certainty as in a declaration for a like demand." It must "show also that the debt is of a nature which entitles the defendant to set it off against the plaintiff's claim."—1 Chitty on Pleading, Title Pleas of Set-off, 575. The Code does not change this rule. It says that "all pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue," &c.— Code of 1886, § 2664.

How is the plaintiff to reply to such a plea? Take, for instance, the plea of "liquidated demand." The plaintiff is not informed as to whether the defendant claims from him by promissory note bill, single, bond, stated account or what his demand is. If parties join issue on defective pleadings, they are bound by the issue formed. *McKinnon v. Lessley*, 89 Ala. 625; *Lewis v. Simon*, 101 Ala. 546.

But appellants say that the court was without authority to incorporate in the judgment entry that "it was shown in this case that the only claim of set-off that defendant had against the plaintiff was that claimed in Plea No. 5." This may not ordinarily be proper matter to be in the judgment entry, but in a case of this kind, where it actually develops in the evidence that the only claim of set-off that defendant has is that in his plea upon which issue is joined it is proper for the court to incorporate the fact in its judgment entry. The matter so incorporated in the judgment should be considered by the appellate court and taken as true, unless contradicted by a bill of exceptions.—2 Encyc. of Pl. & Pr. 428, 436; *McDonald v. Jacobs*, 77 Ala. 524; *Hurst v. Bell*, 72 Ala. 336.

TYSON, J.—The pleas of set-off filed by defendant were sufficient under the authority of *Lang v. Waters*,

[Holst & Co. v. Harmon.]

47 Ala. 624; *Sledge v. Swift*, 53 Ala. 110; *Rosser v. Bunn & Timberlake*, 66 Ala. 89; Form 37 of plea of set-off, Code of 1886, p. 797; Code of 1896, p. 950.

The recital in the judgment, "it was shown in this case that the only claim of off-set, that defendant had against the plaintiff was that claimed in plea No. 5," is not conclusive that no injury was suffered by defendant by sustaining the demurrers to his pleas number 2 and 3, if it can be considered by this court for any purpose; *non constat*, defendant offered no evidence, and very properly, in support of the averments of these pleas.

Judgment reversed and cause remanded.