shows that defendant has no knowledge or information concerning the allegations in said complaint, and upon which, of course, it is apparent plaintiff bases this action.    It is therefore apparent to us that defendant has no knowledge or information which would enable it to successfully defend this action, unless the particulars asked for and granted by the order appealed from are given it.    Such order, in our judgment, is just and reasonable, and imposes upon plaintiff no unjust or unfair requirement.    All the details asked for and granted are certainly within the knowledge of plaintiff, and should be freely given by him. He is not an infant of 12 years.    He is 19 years old, and should be, and undoubtedly is, able to do all that is required by the order in question, which is hereby affirmed, with costs to respondent.

LASKER v. THIRD AVE. R. CO.

(City Court of New York, General Term.    March 29, 1899.)

CARRIERS—STREET RAILROADS—FARES.

> Where a person boards an open street car, and then, because of a sudden change in the weather, leaves such car, and takes passage in a closed one, attached to the other, he becomes a new passenger, and liable for another fare.

Appeal from trial term.

Action by Ludwig Lasker against the Third Avenue Railroad Company.    From a judgment for defendant, plaintiff appeals.    Affirmed.

Argued before McCARTHY and SCHUCHMAN, JJ.

C. Sheldon Crothers, for appellant.

Hoadley, Lauterbach & Johnson, for respondent.

McCARTHY, J.    The plaintiff voluntarily took passage in one of the open cars of the defendant.    Subsequently, because of a cold, and of the sudden change in the weather, the plaintiff left said first car, and boarded a closed car,—one immediately in the rear of the same, and attached thereto.    The conductor of the latter car then demanded from plaintiff his fare, which plaintiff refused, for the reason that he had already paid a fare to the conductor in charge of the first, or open, car.    Because of this refusal he was ejected from the last car; hence this action.

The demand of the conductor in charge of the closed car for plaintiff's fare was just and reasonable.    The plaintiff had voluntarily chosen to take passage in the open car.    If, for reasons satisfactory to himself, and for his own interest, he subsequently wished to take passage in one of defendant's closed cars, he thus made himself a new passenger, and defendant has the right to require him to pay the usual fare.    The refusal of plaintiff to pay said fare entitled defendant's servant to use necessary physical force to eject plaintiff from the car.    In our judgment no unnecessary force or violence was used.

Finding there was no error, judgment is affirmed, with costs.

SCHUCHMAN, J., concurs.