[Birmingham Railway Light & Power Company v. McDonough.]

# Birmingham Railway Light & Power Company *v.* McDonough.

### *Action for Damages for Ejection of Passenger.*

(Decided Nov. 21, 1907.   44 So. Rep. 960.)

1. *Carriers; Passengers; Rules; Right to Make.*—A carrier of passengers has a common law right to make and enforce reasonable rules for the conduct of its business.

. 2. *Same; Question for Court.*—Whether or not a given rule adopted by a carrier is reasonable, is a question for the court.

3. *Same; Change of Cars by Passenger.*—Where a street railway company operates motors and trailers as a part of the same train with a conductor on each car, a rule which requires that each conductor collect and register fares from all the passengers on his car and prohibiting a passenger who has paid fare on one car from passing to another car on the same train without paying fare on the car to which he goes, is reasonable and enforceable.

4. *Same; Ejection of Passenger; Action; Pleading.*—A plea in answer to an action for the ejection from a street car trailer of a passenger on his refusal to pay fare on the trailer after having paid it on the motor, which alleges a rule prohibiting passengers from riding on different cars on the same train without paying fare on each car, was not objectionable for a failure to show that reasonable accommodations were furnished him on the car on which he paid fare; the failure to provide reasonable accommodation being matter for replication.

5. *Same; Knowledge of Rule.*—A plea in answer to an action for ejection of plaintiff from a street car, which alleges that after plaintiff had paid his fare on the motor car and gone to the trailer and had refused the demand of the conductor of the trailer for a second fare and was informed of the carrier's rule that passengers must pay fare in the cars on which they ride, and that he might return to the motor car before he was ejected, is not objectionable for failing to aver that plaintiff had knowledge of the rule before he boarded the trailer from which he was ejected.

6. *Same; Enforcement of Rule.*—A carrier is responsible for the unjust application of a reasonable rule and for enforcing a reasonable rule with undue severity.

7. *Same; Pleading; Special Plea.*—Where the violation of the rule of the carrier is relied on as a defense it must be put forward by a special plea.

8. *Appeal; Pleading; Bill of Exception.*—It cannot be determined on appeal whether defendant had the benefit under the general issue of the matters specially pleaded to which special plea a demurrr was erroneously sustained in the absence of the bill of exception showing the testimony.

[Birmingham Railway Light & Power Company v. McDonough.]

APPEAL from Birmingham City Court.

Heard before Hon. Charles W. FERGUSON.

Action by J. H. McDonough against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in sustaining demurrers to defendant's pleas. The matters set up therein could be presented only by special ple.a—*Southern Ry. Co. v. Lynn*, 121 Ala. 297. The record does not affirmatively show that the defendant had the benefit of the defense set up by special plea under the general issue and the presumption is that injury resulted from the court's ruling.—*Mitcham v. Moore*, 73 Ala. 542. The rule invoked by the special plea was a reasonable rule.—*Lasker v. 3rd Ave. R. R. Co.*, 57 N. Y. St. 395; *Faber v. C. G.. W. Ry. Co.*, 64 N. W. 918; 2 Hutchinson on Carriers, sec. 1077 and note. It was not necessary that the plaintiff should be advised of the rule before he boarded plaintiff's car. It is sufficient if he was advised of it and given an opportunity to comply with it before being ejected.—Authorities supra.

BOWMAN. HARSH & BEDDOW, and J. H. PERDUE, for appellee. If the rule be reasonable it was unreasonably enforced in this case.—*Nashville St. Ry. Co. Griffin*, 41 L. R. A. 451; *Kennedy v. B. R. L. & P. Co.*, 138 Ala. 225; *Ind. R. R. Co. v. Hoffman*, 15 Am. Neg. Rep. 527; *Memphis St. Ry. Co. v. Graves*, 14 A. Neg. Rep. 473. A common carrier cannot by regulation or usage not known to the passenger deprive the latter of rights conferred upon him by his ticket which contains no notice of such limitations.—2 Hutchinson on Carriers, 1077; *Railroad*

*Co. v. Herold,* 7 Md. 510; *Coffee v. R. R. Co.,* 45 L. R. A. 112; *Cherry v. R. R. Co.,* 90 S. W. 381; *N. Y. L. E. & W. R. R. Co. v. Winters,* 36 Sup. Ct. U. S. (L. E.) 71.

DENSON, J.—This is a suit by a passenger against a street railway company, as a common carrier, to recover damages for an alleged unlawful ejection of the plaintiff from a car by the conductor before the plaintiff had reached his destination. Only one assignment of error is insisted upon—that which challenges the correctness of the judgment of the court in sustaining a demurrer to plea 4.

By this plea the defense attempted to be made is, that at the time the wrongs and injuries complained of occurred the defendant was running or operating two cars, the front one a motor car, and the rear one a "trailer," which was attached to the motor; that defendant had a separate conductor in charge of each of said cars; that plaintiff first took passage on the motor car, and, while thereon, paid his fare to the conductor of that car; that thereafter plaintiff got off the motor car, and boarded and took passage on the trailer car; that the conductor on the trailer demanded fare of the plaintiff, and that plaintiff refused and failed to pay the conductor a fare entitling him to be carried as a passenger, whereupon the conductor, on account of plaintiff's refusal to pay the fare, ejected him, using no more force than was necessary. In the plea it is further averred that at the time the defendant had in force a rule which requird the conductor in charge of the motor car to collect a fare from each passenger on that car, and the conductor of the trailer to collect a fare from each passenger on that car, and that said rule or regulation did not permit a passenger who had already paid fare on one of the cars to ride on the other without also paying his fare on that

car. The plea avers, further, that the rule is a reasonable one, and that plaintiff was advised of its existence before he was ejected; that plaintiff, without the payment of an additional fare, could have resumed his journey by again getting on board the motor car, but that he refused to do this. It is settled law in this jurisdiction, as it is elsewhere, that a common carrier of passengers is clothed with a common-law right to make reasonable rules and regulations for the conduct of his or its business; further, that the reasonableness or not of a given rule is a question of law for the court, and not one of fact to be determined by the jury.—6 Cyc. 545 (C), and authorities in note 62 to the text; *Pullman Car Co. v. Krauss,* 145 Ala. 395, 40 South. 398, 4 L. R. A. (N. S.) 103, and authorities there cited.

The question, then, is the reasonableness vel non of the rule set up in the plea. It may be said to be common knowledge that street cars in the city of Birmingham are usually crowded—at least, that they are frequently so. Therefore the conductor is not presumed to know all of his passengers. He must necessarily be a stranger to a large portion of them, and not acquainted with their character for truthfulness. If passengers are allowed, and have the privilege of boarding one car and moving from that to another car—the two being coupled together, as the plea in this instance, shows the cars were joined—it would be a very easy matter for a passenger to board one car and move to the other, and claim, when called upon for his fare, that he had paid on the other car, when in truth he had not; and the different conductor could have no means of knowing that the moving passenger had paid fare. We recognize the fact that this attributes to men an evil design; but at the same time observation and common knowledge will bear out the truthfulness of the statement that such

characters are not too few. And the rule, in one phase, is for the protection of the carrier against such as would impose on it in this way; and as it would be impracticable to limit such a rule, in its terms, to such persons as would intentionally practice a fraud, it must cover all—good and bad—alike. Again, as is suggested in brief of appellant's counsel, it is common knowledge that conductors are required to "register up" each fare collected in their proper cars, and are required to collect from and register each passenger on each car. This check on the conductors would be rendered valueless if passengers were allowed to change from one car to another—each car having a separate conductor—without paying fare. We are of the opinion, and so hold, that the rule pleaded is a reasonable one, in the proper conduct of the business of the defendant, and necessary to protect it against imposition.—*Nashville Street Ry. v. Griffin,* 104 Tenn. 81, 57 S. W. 153, 49 L. R. A. 451; *Hibbard v. N. Y. & Erie Ry. Co.,* 15 N. Y. 455; *Lasker v. Third Avenue R. R. Co.,* 27 Misc. Rep. 824, 57 N. Y. Supp. 395; *Faber v. Chicago G. W. Ry. Co.,* 62 Minn. 433, 64 N.. W. 918, 36 L. R. A. 789; 2 Hutchinson on Carriers (3d Ed.) § 1077.

The contention that the plea should show that reasonable accommodations were furnished plaintiff is not tenable. Construing the plea in connection with the complaint, this is manifestly matter for a replication, if it is available to the plaintiff. The insistence that the plea is bad, for that it fails to aver knowledge of the rule on the part of the plaintiff before he boarded the car from which he was ejected, is not sound. The plea avers that plaintiff was advised of the rule before he was ejected and that he might return to the motor car. In view of this averment, it was not necessary that he should have had knowledge of the rule before he boarded the car.— *Morris v. Railroad Co.,* 116 N. Y. 552, 22 N. .E. 1097; 2

Hutchinson on Carriers (3d Ed.) § 1077; Hutchinson on Carriers (2d Ed.) § 587. Notwithstanding the rule is a reasonable one, the defendant, as a matter of course, would be responsible for an unjust application of it, or for enforcing it with undue severity.—*Nashville Street Ry. Co. v. Griffin, supra.*

It is argued that the defense set up in the plea could have been availed of by the defendant under the general issue, and therefore that the ruling of the court sustaining the demurrer was error without injury. It is too plain for argument that, where a rule or regulation of the carrier is relied on in defense, it is matter which must be brought forward by a special plea.—*Southern Ry. Co. v. Lynn,* 128 Ala. 297, 29 South. 573. There is no bill of exceptions in the case; hence we cannot decide that defendant had the benefit of the matter pleaded on the trial under the plea of the general issue.—*Finney v. Denny,* 122 Ala. 449, 25 South. 45.

The court erred in sustaining the demurrer to plea 4, and on account of the error the judgment is reversed, and the cause will be remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.