# Birmingham Railway Light & Power Company *v.* Stallings.

*Damages for Ejecting Passenger from Car.*

(Decided Feb. 6, 1908.   45 South. 650.)

1. *Carriers; Rule as to Fare; Reasonableness.*—A rule made by a street car company that passengers getting on a train consisting of several cars, each one of which has a separate conductor, must remain on the car on which he pays his fare until his trip is completed, and if he leaves the car for another car must again pay his fare, is a reasonable rule.

2. *Same; Knowledge of Rule.*—The fact that a passenger is informed of the rule that he must remain on the car on which he pays his fare, or pay his fare again on the other car and is offered an opportunity to return to the car on which he paid his fare before being ejected is sufficient knowledge to him of the existence of the rule.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by J. A. Stallings against the Birmingham Railway, Light & Power Company for forcibly, wrongfully, and unlawfully ejecting plaintiff from a car on which he had paid passage before he reached his destination. In answer to the complaint, defendant set up a rule of the defendant company that when two cars were running together, and each provided with a conductor, a passenger who had taken a seat on one car, or had gotten upon said car, and paid his fare, could not go to the

other car and ride on it without again paying his fare on that car, and a knowledge on part of plaintiff of the rule. The facts as made by the record are that plaintiff became a passenger on a train of cars composed of a motor and trailer car, with a conductor on each; that he paid his fare on the motor car, but, that car being crowded, he got off the motor car at the next stop and got on the trailer; that the conductor of the trailer demanded his fare, and was informed that he paid it on the motor car; that the conductor informed him twice that he would have to get off the trailer, and get on the motor, or pay his fare, and on his refusal to do so put him off the trailer, whereupon he got on the motor car and rode on the steps to his destination. The rule of the company was also introduced in evidence and identified. The defendant requested the general affirmative charge, which was refused. There was judgment for plaintiff, and defendant appeals. Reversed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The rule was a reasonable one and was not varied by the fact that plaintiff was not furnished proper accommodation on the motor car.—*Laska v. Third Ave. R. R. Co.*, 57 N. Y. Supp. 395; *Graybill v. Manhattan Ry. Co.*, 105 N. Y. 525; Nellis on St. Ry. Acci. Law, p. 133. Charge 2 refused to the defendant should have been given.—54 Am. Rep. 238; 15 Am. Rep. 419; 26 Pac. 1053; 6 Cyc. 567; 5 A. & E. Ency. of Law, 701.

STALLINGS & DRENNEN, for appellee. Counsel discuss the measure of damages and cite authority in support thereof, but do not brief the questions decided by the court.

[Birmingham Railway Light & Power Company v. Stallings.]

ANDERSON, J.—A rule of a street railway company providing that when a train consists of two cars, and each car has a different conductor, a passenger who takes passage in one of them and pays his fare to the conductor of said car must remain on said car until his trip is completed, and if he changes to the other car must pay his fare or get off said last car, is a reasonable one. This question has been fully discussed in the case of *Birmingham Railway, Light & Power Co. v. McDonough,* 153 Ala. 122, 44 South. 960, and we need not here repeat or add to what was there said. Nor was it necessary that the plaintiff had knowledge of the rule before getting on the second car. It was sufficient if he was informed of same in time to pay his fare or get off before he was ejected.

It is true that the plaintiff, upon being recalled as a witness, testified that he knew of no such rule, and that the conductor of the trailer did not inform him what the rule was; but upon his first examination he said that the conductor told him he would have to pay his fare or get off. This was done twice, and was enough to inform him of the rule, without repeating it to him in haec verba. The evidence shows that no more force was used than was necessary to remove the plaintiff from this car, and the trial court erred in refusing the general charge requested by the defendant.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.