# Ed. Ray *v.* The State.

### Indictment for Betting at Cards.

1. *Betting at cards " in public place."* — Under an indictment which charges the defendant with betting at " a game played with cards *in a public place* " (Rev. Code, § 3622), a conviction may be had on proof that the game was played " *at a house where spirituous liquors were retailed;* " and if the playing was in an open place, within ten feet of the door of the house, and within full view of it, this, in contemplation of law, is *at* the house.
2. *Sufficiency of indictment.* — An indictment, which alleges that the defendant " bet fractional currency of the United States," the denomination and value of which are averred, " at a game played with cards by him in a public place " (Rev. Code, § 3622), is sufficient.

FROM the Criminal Court of Bullock.
Tried before the Hon. C. J. L. CUNNINGHAM.

No counsel appeared for the prisoner in this court.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — This is a criminal prosecution for betting at a game with cards played at a public place, under section 3622 of the Revised Code. The count of the indictment on which the defendant below was found guilty is in these words : " The grand jury aforesaid further charge, that, before the finding of this indictment, Ed. Ray bet fractional currency of the United States, of the denomination, to wit, twenty-five cents, and of the value of twenty cents, at a game played with cards by said Ed. Ray, in a public place, contrary to law; against the peace and dignity of the State of Alabama." This

[Ray v. State.]

count was demurred to by the defendant below, and the demurrer was overruled by the court. He then went to trial on the plea of not guilty, and was convicted, and fined fifty dollars and costs. From this judgment he appeals to this court.

The bill of exceptions shows, that the evidence on which the jury found their verdict tended to establish the following facts : That the accused, said Ed. Ray, within the time covered by the indictment, played at a game with cards in Bullock county in this State, and bet twenty-five cents in fractional currency of the United States, which was worth twenty cents, at said game with cards, " at Thompson's Station, on the Montgomery and Eufaula Railroad ; " " that there was a store at said station, kept by one G. W. Germany ; that the playing was about *ten feet* immediately in front of the store of said Germany ; that there was a party given at said station on that night ; that there was a large crowd present ; that the playing was at night, by fire-light, on a plank on the ground, just before the door of said Germany's store ; " " that there was no public road by said station ; that the Montgomery and Eufaula Railroad passed said station ; that persons passed up and down said station in going to and returning from said store at said station for the purpose of trading, and that there was no regular depot at said station." It was also proven that said Germany kept spirituous liquors for sale at said store, and that there was nothing between where defendant was playing and the door of said storehouse. It was also shown, that said Germany " had a retail license, and was selling spirituous liquors by the drink at the time defendant was charged with betting " as aforesaid.

The language of section 3620 of the Revised Code forbids the playing " at any game with cards, dice, or any device or substitute for either cards or dice, *at* any tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors are retailed, sold, or given away; or *in* any public house, highway, or other public place, or out-house where people resort." And section 3622 of the Revised Code makes " betting at any game prohibited by section 3620 " of the same Code an indictable offence, punishable, on conviction, by fine of not less than fifty dollars, nor more than three hundred dollars. It will be seen that these sections of the Code make a distinction between playing with cards *in* a place, and *at* a place. Webster, in his Dictionary, defines *at* to mean *nearness* in place or time. To be *at* church, does not necessarily mean to be *in* the church ; and to be *at* home, does not require a party to be in the homestead domicile. Webster's Dict. Unabr., word AT. Then, as in the sections of the Code above referred to, the words *at* and *in* are both used to signify position in place, there

[Norvell *v.* State.]

will be no sound reason for this distinction, unless they also expressed a difference in place. This would authorize the court to construe *at* as *near to.* And upon this construction, to play with cards within ten feet of a storehouse in which spirituous liquors are retailed and sold, and to bet at such game, is a violation of section 3622 of the Revised Code. The evidence in this case, then, justified the conviction of the defendant under the indictment above set out. Rev. Code, §§ 3620, 3622, 4199.

There was nothing in the demurrer, which would justify the court to overturn and quash the count in the indictment above set out.

The conviction was, therefore, correct, and the judgment of the court below is affirmed.

NOTE BY REPORTER. — In the case of *Wade Napier* v. *The State*, the judgment was affirmed on the authority of this case, but no written opinion was delivered. The indictments in the two cases, and the bills of exceptions, were in the same words, *mutatis mutandis.* See also the case of *Bose Napier* v. *The State*, p. 168.