PADDOCK *v.* ATCHISON, T. & S. F. R. Co. *et al.*

(*Circuit Court, W. D. Missouri, W. D.*  March 16, 1889.)

1. CARRIERS OF PASSENGERS—EJECTION FROM TRAIN—SMALL-POX.
   Where a passenger on a train breaks out with eruptions, and the best medical advice that can be and is obtained is unable to disclose whether they proceed from small-pox, and where from any prior conduct of such passenger, or any statement he had made, there is a well-grounded, clear, and honest belief that small-pox is developing, the officers of the train are justified in ejecting him; but they must eject him where there is every reasonable ground to believe that he can find accommodations.

2. SAME—LIABILITY.
   Where a passenger is wrongfully expelled from a Pullman car of a train by the officers of the company operating the road, the Pullman Car Company is not liable; and, if expelled by the officers of the latter, the railroad company is not liable.

3. SAME—DAMAGES—MEASURE.
   The measure of damages for wrongful ejection from a train is the amount paid out for resulting expenses, the value of the time lost, and compensation for pain and suffering which result from the expulsion, and for any permanent injury resulting therefrom.

At Law.

Action by Thomas W. Paddock against the Atchison, Topeka & Santa Fe Railroad Company, and Pullman's Palace Car Company, for damages for ejectment from a train.

*Lewis, Buxton & Lewis* and *G. M. Barbour,* for plaintiff.

*Geo. R. Peck* and *Gardiner Lathrop,* for Atchison, Topeka & Santa Fe Railroad Company.

*John S. Runnells*, for Pullman's Palace Car Company.

BREWER, J., (*orally charging jury.*) The plaintiff, who was a passenger in a Pullman palace car on the train of one of the defendants, the Santa Fe Railroad Company, from the Pacific coast towards Kansas City, brings this suit, and says that he was forcibly removed from that car, and that by reason of such removal he has suffered damages. I may premise by saying that some questions have been suggested by counsel in respect to which you need pay no attention. The matter of the tickets you may lay to one side, under the case as it now stands, the pleadings, and the evidence.

The first question is whether he was expelled, or whether he voluntarily left the train. That is a question of fact. The testimony you have heard, and nearly all of it to-day, so that it is fresh in your minds. It would be useless for me to repeat it, and the question of fact in that respect is, did this plaintiff, when he got to Las Vegas, leave the train of his own volition, or was he put off? If he left of his own choice, freely, he cannot recover any damages. If he was expelled,—that is, if he was forcibly put off the train,— then the question arises, by whom was he expelled? Was he expelled by the officers or agents of the railroad company, or by the officers or agents of the Pullman company? If he was expelled solely by the officers of the one company, and the officers of the other company had nothing to do with it, then that other company is not liable. That is a question of fact for you to settle also. If he were forcibly expelled by the officers of either company, then the defendants say they had a right to remove him, and that it was done without unnecessary force, and with no personal injury; that all that was done, if there was a forcible removal, was just simply that he was required to leave the train, and that they had a right to do it, and that it was their duty to do it, under the circumstances. They say that at the time, or just prior to the time, of the removal there had developed what they thought, and what the people in the cars thought, might be small-pox—a loathsome, contagious, infectious disease,—and that what they did, if there was a forcible removal, was for the safety of the other passengers, and as a part of their duty. If the plaintiff had been in fact breaking out with the small-pox,—a loathsome and contagious disease,—then, unquestionably, it was the duty, as well as the right, of the railroad company to protect the other passengers in the best way possible at the time. If it was necessary to remove him it was its duty to remove him in order to protect the other passengers; for while, when it takes a passenger, it is its duty to carry him safely to the end of his journey, yet it is equally its duty to carry the other passengers safely. If a man should become drunk and quarrelsome, or boisterous, on the train, or if he breaks out with a loathsome and contagious disease, it is its duty to protect the other passengers from the misconduct or misfortune of this one passenger. But it appears from the testimony that, whatever the symptoms may have been;—eruptions, etc.,—there was in fact no small-pox; that it turned out afterwards to be a case of measles, and only that. Now, that is not

the loathsome disease as calls for such treatment as small-pox.    Of course you all understand that.    But in that respect the law is this:    If a passenger breaks out with eruptions which the best medical advice that can be and is obtained is unable to disclose whether they proceed from small-pox; and if, from any prior conduct of the plaintiff, or from any statement he had made, there is a well-grounded, clear, and honest belief that small-pox was developing itself, then the officers of the company are justified in removing him from the train, although afterwards it may turn out that they were mistaken.    I do not mean to say, of course, that any mere guess or surmise or suspicion that it may be small-pox would justify such action; but when the advice of the best physicians at hand is obtained, and the past history of the plaintiff, as disclosed by himself, or as known to the officers of the company, creates a well-grounded, a clear and honest belief that that which is breaking out on the passenger is a case of small-pox, then they are justified in acting upon that conviction as though it were small-pox.    They are under no obligations to wait until the disease has gone so far that the lives and the health of all the other passengers become endangered.    Of course, in the exercise of this right, and the discharge of this duty for the protection of the health and safety of the other passengers, they may not act wantonly, or recklessly, or with disregard of the safety or comfort of the passenger removed.    Take another illustration:    Suppose a man on the train becomes boisterous from drunkenness, becomes quarrelsome, so as to endanger the lives of passengers.    It would be a very extreme case that would justify the conductor in putting him off the train out on the prairie, and far from the conveniences of a town or village.    But, when the train reaches a city or stopping-place where he could be taken care of, the duty of the railroad company is completed when it puts such drunk and quarrelsome passenger off the train.    It is not its duty to go beyond that, for its business is only that of a common carrier, and it is not under any other obligation.    And so, in this case, if you should find all these things; if you should find that the plaintiff was forcibly removed, and that he was removed because there was, as indicated, a well-grounded belief that he was breaking out with the small-pox; and if there was no other reasonable way of protecting the other passengers from danger,—then its duty was to put him off at some place where he could find accommodations, or where there was reasonable ground to believe he could find accommodations.    It could not stop out on the prairie, and put him off where there was only a hamlet or a single house, where he could not possibly obtain medical attendance; but it could put him off where there was every reasonable ground to believe that he could procure medical attendance, and ample accommodations; and, if it there removed him from the train without unnecessary force, it has discharged its full measure of duty.    Those are all the questions of law.

On the question of damages, if you find for the plaintiff, you have the right to take into account all the money he has paid out necessarily in expenses, and the value of the time which he lost by reason of his detention; and you will take into consideration the pain and suffering which

he endured consequent upon his removal. I do not mean to say that that pain and suffering and injury which would come in the natural course of events from the disease would be damages for which the railroad company would be responsible; but anything which came by any increase in the disease, aggravated by the expulsion, or brought about by the expulsion. And so any permanent or continued injury to his system which has flowed from that act in any way is to be taken into account. Of course, as to the mere claim for money spent, and the value of his time, that is a matter of mathematical calculation, and of easy computation; but the other matter is a matter left to the solemn judgment of 12 men taken from the body of the country to say what is fair compensation. If you find for the plaintiff, the form of your verdict will be: "We, the jury, find for the plaintiff, and assess his damages at $————," naming the sum you fix upon; provided you find against both defendants. If you find against one of the defendants, the form of your verdict will be: "We, the jury, find for the plaintiff as against ————," naming it, such defendant, "and assess his damages at $————." If you find for the defendants your verdict will be: "We, the jury, find for the defendants." In either case you will sign same with the name of one of your number as foreman.