# Pullman Car Co. *v.* Krauss.

*Action for Breach of Contract of Carriage.*

(DECIDED FEB. 17, 1906, 40 So. REP. 398.)

1. *Carriers; Passengers; Sleeping Cars; Right to Berths; Persons
   Afflicted with Contagious Disease.*—The right to passage on
   or a berth in a sleeping car is not unlimited, but subject to
   such reasonable regulations as may be provided by the com-
   pany; and a sleeping car company may refuse to carry per-
   sons as passengers who are afflicted with contagious or infec-
   tious disease, or who are guilty of gross and vulgar habits, to
   the detriment or disturbance of its other passengers.
2. *Same; Termination of Contract.*—If such company has made a
   contract of carriage with a person afflicted with such disease,
   on discovering that fact, it may refuse to carry such passen-
   ger, but it is bound, in order to terminate the contract, to
   tender the amount paid for carriage.
3. *Trial; Issues; Evidence; Instructions.*—In the absence of evidence
   that an act was wilfully, wantonly and maliciously done, and

the complainant avers the act to be so done, it. is error to instruct the jury that if they believe the evidence they should find that the allegations of the complaint are true; and the fact that these allegations are immaterial does not cure the error.

4.  *Carriers; Sleeping Cars; Breach of Contract; Instructions.*—Plaintiff having paid for passage on defendants sleeping car, if entitled to recover at all, was at least entitled to recover the amount paid for carriage—which was substantial damage and instructions were properly refused which required the jury to assess only nominal damages in the event they believed the evidence, or believed that plaintiff was afflicted with a contagious or infectious disease.

5.  *Same; Rules; Reasonableness; Question for Court.*—Whether a rule promulgated by carriers in reference to the carriage of passengers is a reasonable rule, is a question of law for the court.

6.  *Same.*—A rule made by a sleeping car company excluding from its cars insane persons or persons afflicted with a contagious or infectious disease, is a reasonable one.

7.  *Same; Instructions; Damages.*—The suit being one for breach of contract for carriage, and the defense a rule of the company prohibiting the carriage of passengers afflicted with contagious or infectious diseases, it was error to refuse to instruct the jury that if they believe plaintiff was so afflicted they could not find for any greater amount than the price paid for carriage, with interest from date.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Max Krauss against the Pullman Company. From a judgment for plaintiff, defendant appeals.

This is an action for breach of contract of carriage. The facts necessary to an understanding of the opinion are fully stated therein. Charges requested by the defendant not set out in the opinion are as follows: Charge 1. "If you believe the evidence, you cannot assess more than nominal damages in favor of plaintiff." Charge 2. "I charge you that the rule or regulation which has been read to you in evidence is a reasonable rule or regulation." Charge 7. "If from all the evidence you believe that the plaintiff had a contagious or infectious disease at the time he presented himself for passage on defendant's car, you cannot assess more

than nominal damages in his favor." Charge 8. "If from all the evidence you believe that the plaintiff had a contagious or infectious disease at the time he presented himself for passage on defendant's car, you can render as damages in his favor only the sum paid for the sleeping car space with interest thereon to date." Charge 9. "If from all the evidence you believe that the plaintiff had an infectious or contagious disease at the time he presented himself as a passenger on defendant's car, you must render your verdict in favor of defendant." Charge 11. "The court charges the jury that if they believe from the evidence that plaintiff, at the time he was refused permission to ride therein, if he was denied such admission or permission, was known to have a contagious or infectious disease, they must find for the defendant." Charge 12. "Under the complaint and issues in this case, the jury should consider whether a person, in the exercise of reasonable care and having a proper regard for the rights of others and to the proper properties, would have admitted plaintiff to his vehicle or conveyance where other persons were, and it makes no difference in this case that defendant is a corporation. Its rights are to be measured by the same considerations that would apply to an individual, if he was sued for refusing to admit plaintiff to a vehicle where such individual had other passengers and had refused plaintiff admission under facts and circumstances similar to the facts and circumstances of this case."

GEORGE HUDDLESTON, for appellant.—Counsel filed an argument insisting upon errors assigned but cited no authorities, stating as his reason therefor that the propositions involved were elementary.

CAMPBELL & WALKER, for appellee.—As to assignments of error A., 1 and 2, we cite the following.—*Paddock case*, 37 Fed. 84, 4. L. R. A. 231; *Hudson v. Ellen B. Rhodes*, 178 Mass. 67; *Robinson v. Rockland*, 87 Mo. 387; *Pelatier's case*, 134 Ill. 125; *Adam's case*, 120 Ala. 594; *Meyer v. Pullman*, 4 Wallace, 605; *A. G. S. R. R. Co. v. Carmichael*, 90 Ala. 24; *Duval's case*, 10 C. C. A. 331; *Penn. Co. v. Roy*, 102 U. S. 451. As to assignments

of error 6, 10, 12, 13, 14, 15, 16 and 17, we cite.—Authorities supra; *Peary v. Georgia Company,* 81 Ga. 485; *A. T. & S. Co. v. Webber,* 32 Kansas 543. As to the eighth assignment of error, we cite.—*Montgomery's case,* 165 N. Y. 140; *Gregory's case,* 100 Iowa 345; *Wright's case,* 78 Cal. 360; *A. G. S. R. R. Co. v. Carmichael, supra; Manning's case,* 95 Ala. 392.

DENSON, J.—This suit was commenced on the 28th day of February, 1903, by Max Krauss against the Pullman Car Company. The complaint contained a single count, which, as amended, is in this language: "Plaintiff claims of the defendant $1,950 damages for the breach of an agreement entered into by it on, to-wit, January 30, 1903, by which defendant for a valuable consideration promised to carry plaintiff as a passenger on a sleeping car from the city of Memphis, Tenn., to the city of Birmingham, Ala. Plaintiff avers that defendant breached said promise in this: That defendant refused to carry plaintiff as said passenger. Plaintiff avers that he suffered the damage and injury naturally flowing from said breach, and in addition thereto that he was damaged by defendant's said breach of said promise as follows: That at the time defendant made said contract to so carry him, plaintiff, as defendant knew, was sick or in delicate or unsound condition, and desired the passage in defendant's car in order to prevent further injury to his body and health, and the suffering and weariness incident to said travel, and that because of defendant's said breach of said contract plaintiff was compelled to travel from said city of Memphis, Tenn., to said city of Birmingham, Ala., in a railroad passenger coach, and thus lost or was prevented from obtaining the benefit of traveling in a sleeping car, and was made sick and sore, and suffered physical pain and injury and detriment to his physical condtioin, and suffered mental pain and anxiety, and was greatly humiliated. Plaintiff further avers that said breach of said contract was maliciously, willfully, or wantonly committed by defendant, and was committed in bad faith, and in a manner calculated to subject plaintiff to humilia-

tion, ridicule and reproach, and that plaintiff was hu-
miliated and made ashamed thereby.   All to plaintiffs
damages in the said sum of $1,950."

The defendant filed several pleas in answer to the
complaint.   Demurrers were sustained to those num-
bered 4, 5, and 6, respectively.   The fourth plea sets up
the defense that when the plaintiff presented himself at
the defendant's car for passage the conductor and pas-
sengers who had bought berths and space in said car
thought that the plaintiff had a "contagious and loath-
some disease;" that his hands and arms were wrapped
in cloth, and that there were eruptions on a part of his
body that were visible; that a number of passengers on
the said car objected to plaintiff being allowed to ride
thereon, and the conductor of said car would not allow
him to take passage thereon because of the appearance
of the said disease; and it is averred that the plaintiff
did have a loathsome and contagious  disease,  to-wit,
syphilitic eczema.   The fifth plea set up a rule of the de-
fendant company against carrying persons infected with
a contagious disease; and it is averred plaintiff had such
a disease, to-wit, syphilitic eczema.   The sixth plea is
in effect the same as the fourth plea, with the additional
averment that at the time plaintiff purchased his ticket
he did not communicate to the agent who sold him the
ticket the fact that he had a contagious disease, and that
the agent did not know that the plaintiff had a conta-
gious disease.

The right of a person to a berth or passage on a sleep-
ing car is not an unlimited right.   But it is subject to
such reasonable regulation as the defendant had pre-
scribed for the due accommodation of passengers and for
the safety and comfort of passengers.   Sleeping car com-
panies are not bound to admit persons as passengers on
its cars who are guilty of gross and vulgar habits of con-
duct, or who make disturbances on board, and, *a fortiori*,
persons who are afflicted with contagious or infectious
disease, so that there would be a probability of other
passengers contracting the disease with which said af-
flicted person was suffering.   As is said in Hutchinson
on Carriers with respect of common carriers:   "As,

therefore, the common carrier holds himself out as the carrier of only such goods as are in a fit condition to be carried, and may, as has been seen, notwithstanding his public profession, refuse to accept such as are unfit to be carried on account of their kind, the unsuitable manner in which they are prepared for transportation, or the insecurity or damage which they may occasion to the goods of other shippers or to the carrier himself, so the carrier of passengers, however public he may hold himself out or be engaged as such carrier, may refuse to accept persons offering themselves as passengers who are unfit to be carried, either because such person, from bad character, from being afflicted by contagious disease, from apprehended evil designs, either upon the carrier himself or his passengers, or from drunkenness or insanity, would be unfit associates for them or unsafe for the carrier."—Hutchinson on Carriers (2d Ed.) § 540; *Nevin v. Pullman Palace Car Co.*, 106 Ill. 222, 46 Am. Rep. 688; Wood's Ry. Law, 1035; *Putnam v. Railroad Co.*, 55 N. Y. 108, 14 Am. Rep. 190; *Paddock v. A. T. & S. R. R. Co.*, (C. C.) 37 Fed. 841, 4 L. R. A. 231.

Then, in the first instance, the defendant company, if the plaintiff was afflicted with a contagious or infectious disease, loathsome in its nature, would have been justifiable in refusing to contract with plaintiff to carry him as a passenger or to furnish him a berth in its cars; or if, after receiving him as a passenger or making the contract with him to carry him, the defendant became aware that the plaintiff was afflicted with such disease, the defendant, in consideration of the duty it owed the other passengers to protect them from the misfortune of this one passenger, would have been justified in putting an end to the contract and in declining to admit or carry him as a passenger.—*Conolly v. Crescent City R. Co.*, (La.) 5 South. 259, 6 South. 526, 3 L. R. A. 133, 17 Am. St. Rep. 389; *Paddock v. A. T. & S. R. R. Co.*, *supra*. But, the action here being in assumpsit for a breach of the contract, to perfect a recission of the contract—a putting an end to it—the defendant must have offered the purchase price of the ticket or consideration

[Pullman Car Co. v. Krauss.]

paid by plaintiff on the agreement to carry, back to him. In this respect pleas 4, 5 and 6 were bad, having been pleaded, as they were, in bar of the entire cause of action. Hence the demurrer was properly sustained to them.

After demurrer was sustained to pleas 4, 5, and 6, the defendant filed other pleas which conformed to the ruling of the court with respect to pleas 4, 5, and 6, and the trial was had on said other pleas.

The other assignments of error that are insisted upon relate to a charge given at the plaintiff's request and to charges refused to the defendant.

Charge 2, given for the plaintiff, was in this language: "Gentlemen of the jury, I charge you that, if you believe the evidence, you must find that the allegations of plaintiff's complaint are true." We find that the complaint avers that the breach of the contract was maliciously, willfully, or wantonly committed by defendant, and committed in bad faith. We have found in the record no evidence of bad faith or malice on the part of the defendant or its agents, yet under this instruction the jury was required to find that these averments of the complaint were true. But it is urged that these averments in the complaint were immaterial. If so, the charge should have been formulated so that it would have excluded them. We cannot say that the charge was harmless in its effect, and the giving of it was reversible error. This makes it unnecessary to consider the other insistence of the appellant with respect of this charge.

Charges 1 and 7, refused to the defendant, were calculated to lead the jury to the belief that they could not award the plaintiff damages equal to the amount paid for the ticket or berth, or that they might award him damages less than the amount paid therefor. The plaintiff, if entitled to recover, was entitled at least to recover the amount that was paid for the ticket; and this, although it may have been a small amount, was substantial damages, as contradistinguished from nominal damages. The charges were properly refused.

After proving that the defendant had rules with reference to person afflicted with contagious or infectious

26

disease, the defendant offered in evidence a rule of the company, which was shown to be in effect at the time plaintiff was refused passage on the sleeper, and which was in words as follows. "Persons known to be afflicted with any contagious or infectious disease, or to be insane, will not be permitted in the cars of this company." By amended plea 8, upon which issue was joined, the rule was pleaded in defense of the action, and it was averred in the plea that the rule was a reasonable regulation. Charge 3, refused to the defendant, is in this language: "The court charges the jury that the rule set up in defendant's plea 8, if said rule has been proved to the reasonable satisfaction of the jury, is a reasonable rule." We think that there can be no doubt that the defendant had not only the power, but that it was its duty, to make rules and regulations to insure the safety and comfort of its patrons.—*A. G. S. R. R. Co. v. Carmichael,* 90 Ala. 19, 8 South. 87, 9 L. R. A. 388; *Manning v. L. & N. R. R. Co.* 95 Ala. 392, 11 South. 8, 16 L. R. A. 55, 36 Am. St. Rep. 225; *Montgomery v. Buffalo Ry. Co.,* 165 N. Y. 140, 58 N. E. 770; *Barker v. Central Park,* 151 N. Y. 237, 45 N. E. 550, 35 L. R. A. 489, 56 Am. St. Rep. 626. It seems to have been settled by this court that the reasonableness of any given rule or regulation of a carrier is a question of law to be determined by the court, and not one of fact for the jury.—*M. & C. R. R. Co. v. Graham,* 94 Ala. 545, 10 South. 283, 9th h. n. We have found very satisfactory reasoning upon which to predicate this rule in *Railroad Co. v. Fleming,* 14 Lea (Tenn.) 145, where it was said: "The rules and regulations of a railroad company, as of other corporations, are subject to the requirements that they must be reasonable. Whether they are reasonable or not is a question for the court, and not for the jury; and this is for the obvious reason that there must be uniformity in the construction, which can be always obtained by the decision of the court. If left as a question of fact to the jury, the result might vary with each jury, and the corporation could have no certainty that any rule would stand the test with every jury. So the necessity of holding this to be a question of law, and therefore within

the province of the court to settle, is apparent from the consideration that it is only by so holding that fixed and permanent relations can be established. If this question can be left to juries, one rule would be applied by them today and another tomorrow. In one trial a company would be liable, and in another, presenting the same question, not liable."—*Gregory v. C. & N. W. Ry. Co.*, 100 Iowa 345, 69 N. W. 532; *Ry. Co. v. Wittemore*, 43 Ill. 420, 92 Am. Dec. 138; *Avery v. Ry. Co.*, 121 N. Y. 44, 24 N. E. 20; *Vedder v. Fellows*, 20 N. Y. 126; *Chilton v. R. R. Co.*, 114 Mo. 89, 21 S. W. 457, 19 L. R. A. 269; *Ry. Co. v. Wysor*, 82 Va. 250, 261; *Commonwealth v. Worcester*, 3 Pick. (Mass.) 462; *Vandine Case*, 6 Pick. (Mass.) 187, 17 Am. Dec. 351. The rule in question, it would seem, was adopted for the safety and comfort of defendant's patrons or passengers, and, whether the defendant is to be treated as a common carrier or otherwise, the rule is a wise and salutary one, and we have no difficulty in reaching the conclusion that it is a reasonable one, and that the court should have so declared, as requested in charges 2 and 3, refused to the defendant. The refusal of these charges constitutes reversible error.

If the defendant was, at the time he presented himself for passage on defendant's car, afflicted with a contagious or infectious disease, then, under the issues formed, the defendant was entitled to have the jury instructed as requested in refused charge 8. Refused charges 9 and 11, presenting a kindred proposition to that presented in charge 8, were properly refused, for the reason that they precluded any recovery for the sum paid for the sleeping car space or berth.

Charge 12 possessed the vice of being argumentative, and for this reason, if for no other was properly refused. Under the issues made by the pleading and evidence adduced, the affirmative charges requested by the defendant were properly refused.

For the errors pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, SIMPSON, and ANDERSON, JJ., concur.