## CRANDALL v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

CARRIERS (§ 269*)—CARRIAGE OF PASSENGERS—ISSUANCE OF TRANSFERS.

A rule of a street railroad company that transfers shall be issued only at the time of payment of fare, and that a passenger should be required to give the destination line when asking for transfers, is a reasonable and proper rule, and does not infringe a passenger's right under an agreement to give passengers a continuous trip between any two points in the city by the most direct route for a single fare, which agreement was not to be construed as entitling a passenger to a return trip or round trip.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 269.*]

Submission of controversy without action, under Code Civ. Proc. § 1279, between Frank L. Crandall and the International Railway Company. Judgment directed for the railway company.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

F. M. Spitzmiller and S. C. Pinch, for plaintiff.
Norton, Penny & Sears, for defendant.

WILLIAMS, J. Judgment should be rendered for the defendant. The plaintiff claims that upon the admitted facts he is entitled to recover from the defendant the penalty of $50, provided by the railroad law (Laws 1890, p. 1082, c. 565) for an overcharge of fare and a refusal to give a transfer. Under the so-called Milburn agreement, a passenger upon the street railroads in the city of Buffalo is entitled to a continuous trip between any two points on the roads by the most direct route for a single fare of five cents; but a continuous trip is not to be construed as including a return trip or a round trip. The defendant made and promulgated a rule to the effect that transfers would be issued only at the time of the payment of the fare, and passengers should be required to give the destination line when asking for transfers. The plaintiff entered defendant's car on the Niagara Street line, at Mohawk street, for a trip to a point on Filmore avenue, at Le Roy avenue. He paid his fare, and asked for and received a transfer to the Main Street line. He transferred to the latter line, and when his transfer was taken up he demanded another transfer to the Filmore avenue line, which was refused. He transferred to the latter line, but was required to pay thereon an additional fare, because he had no transfer thereto.

The rule in question was clearly necessary, in order to protect the defendant from imposition by passengers, who were, before it was put in force, able to violate the Milburn agreement by securing re-

turn trips and round trips upon a single fare. This is quite apparent from the statements made in the admitted facts. The defendant has a legal right to make reasonable rules for the transaction of its business, especially where they are necessary to prevent imposition and wrong, provided, however, that passengers are not thereby deprived of their legal rights. This rule deprives passengers of no such rights —does not prevent a continuous trip between any two points on the roads by most direct route for a single fare. It does effectually prevent a return trip, or a round trip, or the continuous riding on the roads, for a single fare. Many cases are referred to by counsel, upon either side, none, perhaps, precisely upon this point, but two or three which in principle appear to uphold such a rule as this one as reasonable and proper.

In Ketchum v. N. Y. C. R. R. Co., 118 App. Div. 248, 103 N. Y. Supp. 486, it was held that a rule requiring passengers to secure any transfers desired at the time of paying their fare, and providing that no transfers should be given at any other time, was reasonable, being necessary to protect the company against dishonest passengers seeking to obtain more than one transfer. Many cases were cited and considered which we need not refer to here in detail. In Kelly v. N. Y. City R. R. Co., 192 N. Y. 97, 84 N. E. 569, it was held that a regulation was reasonable and proper which in effect prevented a passenger from reversing the direction of his trip, without paying more than one fare, by means of transfers, and limited the right for a single fare to a continuous trip in one direction only. This is a late case, and the principle decided is applicable to the question we are here considering.

Without further comment, I conclude that the rule in question was a reasonable and proper one, that the defendant had a right to make and enforce it, and therefore it is not liable for the penalty sought to be recovered herein.

Judgment directed in favor of the defendant upon the submission, with costs. All concur.