# Bessemer Water Works Co. *v.* City of Bessemer.

### Bill to Enforce Connection.

(Decided November 16, 1916.  Rehearing denied January 18, 1917.
73 South. 905.)

Water and Water Courses; Public Supply; Connections.—The franchise contract of the water company with the city examined and it is held that under it, it is a matter of contract between the water company and a prospecive consumer as to who should make service connection, subject, of course, to the general principle that all consumers similarly circumstanced should be treated alike and reasonably and subject to the contract stipulation for maximum rates.

APPEAL from Bessemer City Court.
Heard before Hon. J. C. B. GWIN.
Bill by the City of Bessemer against the Bessemer Water Works to enforce service connection with a consumer at the expense of the company. Decree for complainant and respondent appeals. Reversed and rendered.

PERCY, BENNERS & BURR and T. T. HUEY, for appellant. G. H. BUMGARDNER, for appellee.

[Bessemer Water Works Co. v. City of Bessemer.]

THOMAS, J.—The question presented for decision, on complainant's bill and the answer of respondent thereto, was whether, on proper application by a citizen of Bessemer desiring to be supplied with water, it was the duty of the respondent to lay the service pipe connecting its main with petitioner's premises, at its own expense, or whether the water company might charge the cost of the work to the petitioning consumer of water.

The bill was filed under section 3513 of the Code, by the city of Bessemer against the Bessemer Waterworks. The substance of the bill, so far as this appeal is concerned, charges that the waterworks company was abusing its franchise in that it was requiring consumers of its water to lay and maintain the service pipe lines between the mains of the company and the premises of the consumer. The bill attaches, as an exhibit, a copy of the franchise contract between the city and the water company, and avers that it was the duty of the water company to lay and maintain the service pipe lines under the provisions of this contract.

The bill was demurred to on the ground that the provisions of the contract did not support the charge of the bill that it was the duty of the water company to lay these service pipe lines. These demurrers were overruled, and the bill was thereupon answered. In its answer respondent avers that it was generally customary for the consumer to lay the service pipe line, and that shortly after the execution of the contract between it and the city, and pursuant to its provision that respondent might adopt reasonable rules and regulations relating to the furnishing of water in the city of Bessemer, respondent adopted rules and regulations, a copy of which was before the court on final hearing. These rules and regulations relating to the making of water connections for consumers provide, in substance, that this duty rests upon the consumer. On final submission the court decreed that the respondent should lay and maintain all lateral service piping in and across the public streets and alleys in the city of Bessemer, up to the curbing abutting upon the consumer's premises. From this decree the appeal is taken.

There are two assignments of error, one of which is based on the court's decree on demurrer, and the other on the court's final decree.

The pertinent provisions of the ordinance contract between the city of Bessemer and appellant are as follows: "Whereas,

the Bessemer Waterworks has proposed to enter into a contract with the city of Bessemer, substantially as follows, viz.:

"This agreement made by and between the Bessemer Waterworks, a corporation (hereinafter called the company), its successors and assigns, and the city of Bessemer, a municipal corporation (hereinafter called the city), witnesseth: That for and in consideration of the mutual covenants, agreements and undertakings of the parties hereto, as hereinafter set out, and of the payments to be made by the city to the company, the parties hereto do agree as follows:

"1. That the company will keep its system of waterworks in effective working order, and that it will supply, under reasonable rules and regulations which the company may adopt, the city, citizens and manufacturing establishments of the city of Bessemer with all water needed for sanitary, fire, domestic and manufacturing purposes. * * * The right of the company to adopt reasonable rules and regulations shall not abridge the rights given by law to the city on the same subject.

"2. That the company will maintain in a good, substantial and effective condition, in every particular, all the street mains of said waterworks. * * *

"5. The charges to private consumers (including private corporations) to be made by the company shall not exceed the following rates, payable quarterly in advance, to-wit: [Here follows schedule of maximum rates.] * * *

"11. The company will furnish water on any premises within the city limits when requested, and for that purpose will extend its mains, under reasonable rules and regulations which the company may adopt, provided a reasonable income is offered on the outlay. * * *

"16. The company is hereby authorized to lay down, use and maintain water mains, pipes, acqueducts and other fixtures in connection with its waterworks, to, in and through any of the present or future streets, avenues, alleys and public grounds in the city of Bessemer for the conveyance of its water and the operation of its waterworks. The rights granted by this section 16 shall apply to all pipes and fixtures already in place. The company shall replace all street and pavement torn up in laying its pipes and other fixtures in as good condition as they were before they were torn up, such work of replacing to be subject

to the supervision and to the satisfaction of the city engineer."

The rules and regulations relating to the making of connections are set out in the fifth paragraph of respondent's answer as follows: "Answering subdivisions A and B of said paragraph 4, respondent says that it has been engaged in the business of furnishing water to the city of Bessemer and its inhabitants for many years prior to the making of the contract attached as an exhibit to the bill, and that at the time said contract was entered into and since, as respondent is informed and believes, it has been generally customary throughout the United States for the consumers of waterworks to lay and maintain service pipe lines which extend from the mains of such waterworks to the premises of the consumers, and that such custom and practice prevail not only in cases where such waterworks were privately owned, but also where such waterworks were owned by the municipalities in which they supplied water. That shortly after the execution of said contract, and pursuant to the provisions thereof to the effect that respondent might adopt reasonable rules and regulations relating to the furnishing of water in the city of Bessemer, and pursuant to its legal right so to do, the respondent adopted such rules and regulations, a copy of which is hereto attached as Exhibit A, and prayed to be taken as a part of this answer. That said rules were generally promulgated by it, and a copy thereof was delivered to each of the consumers, of respondent's water. Respondent says that section 3 of article 7 of said rules and regulations is as follows, to-wit: "All connections to the water mains must be made by means of corporation cocks with no less than one foot of lead pipe attached of the quantity designed as "Extra Strong." ' 'All underground connections in the street between lead and iron pipe must be made by means of brass soldering nipples. All service pipe must be laid at least two feet below the grade of the streets and the plumbing work must be tested before the ditch is refilled. The street must be opened and the paving and earth deposited in such manner as will cause least inconvenience to the public. The flagging and pavement must be restored as quickly as possible to as good condition as before the excavation and all work in the streets, in making service connections and repairs, must be at the sole risk and responsibility of the persons having the same done, or of the plumber doing the same. The service pipe in all connections between the corporation cock and curb cock shall in all cases be

the property of the owner of the premises, and such owner shall be liable for its maintenance and repair.' "

Said fifth paragraph of respondent's answer continues as follows: "Respondent says that there is no duty resting on it by common law or by statute, or by the terms of its contract with the city of Bessemer, making it obligatory on respondent to either lay or maintain such service pipe lines, and that the duty of the consumers to lay and maintain such service pipe lines is made clear and controlled by the rules and regulations above set forth."

In *City of Montgomery v. Greene, et al.*, 180 Ala. 322, 60 South. 9C0, Chief Justice ANDERSON said: "Under the act of January 26, 1891, * * * authorizing the city of Montgomery to maintain a water supply system, and under the ordinances of said city, it is the duty of the city to furnish and maintain the water main with which its patrons can connect their service pipes. The service pipe, as required of the consumer, means only a connection from the residence of the owner with the main artery which supplies the water to the street or immediate locality on which, or in which, his property is located, whether said, artery be designated as a main or service pipe."

So in *Birmingham Waterworks v. Hernandez*, 196 Ala. 438, 71 South. 443, 445, L. R. A. 1916E, 258, Mr. Justice SAYRE, for the court, said: "In *State v. Birmingham Waterworks Co.*, 185 Ala. 388, 64 South. 23 [Ann. Cas. 1916B, 166], this court said: 'In this state it is not yet settled, and, however we might be disposed to view it, we do not regard it as a willful and culpable breach of duty by respondent to now decline to furnish such pipes at its own expense, though it is proper to say that the great weight of authority in other states seems to recognize and impose the duty in question.' At this time the question is presented for a definite answer, and we have made such shift as we could to investigate anew the original authorities and the reason of the matter."

And it was held to be a matter of contract between the water company and the prospective consumer as to who would make such connection.

The ordinance contract in the case at bar, and that on which the decision of the *Hernandez Case* rested, possesses such similarity as to give that decision a binding effect on this controversy. Under such contracts the respondent water company is free to

[Louisville & Nashville R. R. Co. v. Martin.]

contract with consumers, subject, of course, to the general principle that all consumers in like circumstances should be treated alike and reasonable, and subject also to the contract stipulation for maximum rates.

It results from what we have said that the decree of the city court of Bessemer is reversed, and a decree is here rendered dismissing the bill in this cause.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.