174 So. 511

## BIRMINGHAM ELECTRIC CO. v. RYLANT.

### 6 Div. 83.

Supreme Court of Alabama.

March 25, 1937.

Rehearing Denied June 3, 1937.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Oliver Henderson, of Birmingham, for appellee.

KNIGHT, Justice.

The plaintiff, who was on the occasion complained of a passenger on one of defendant's street cars in the city of Birmingham, brought this suit against the defendant to recover damages for an alleged wrong growing out of the action of one of defendant's servants, or agents, in refusing to issue to her a transfer ticket, and thereby causing plaintiff to be ejected from, or caused to leave, the car upon which she was a passenger without a transfer ticket.

The plaintiff stated her case in two counts. Count 1 predicated. plaintiff's right of recovery upon the simple negligence of the conductor in refusing to issue the transfer ticket, while count 2·charges a wanton wrong in refusing to issue the transfer ticket.

The defendant in addition to the general issue filed four special pleas, each setting up in defense of the action a certain rule, or rules, enacted by the Alabama Public Service Commission, governing the issuance of transfers to passengers by the defendant, to enable a passenger to transfer from a street car boarded by a passenger to a car on another line of defendant's street railway system. Among the rules we quote the following:

"(1) A transfer will be issued only when request is made therefor at the time that the passenger pays his fare.

"(2) A transfer as issued shall be punched to indicate:

"(a) The date on which the same is issued.

334

"(b) The direction in which the car is traveling.

"(c) The points between which the passenger is traveling."

There was evidence on behalf of the plaintiff tending to show that she made application for the transfer within two or three minutes after boarding the car, and that the car had not traveled more than three city blocks before she requested the transfer for herself, children, and companion, and that she tendered the additional fares, or costs of the transfers, at the time the request for the same was made. All the evidence showed, however, that at the *moment* of time she paid her fare, she made no request for transfers, but did make the request within a few minutes afterwards, and by the time the car had traveled about three blocks.

The evidence for the defendant tended to show that the request for transfers was not made until the car had come to a stop and the plaintiff had gotten off. The conductor further testified that the plaintiff paid no fare, but that he and another passenger paid her fare to keep from having to eject her.

■ We entertain no doubt but that the rule adopted and approved by the Alabama Public Service Commission, and which is pleaded in this case, was a reasonable rule, and within the power of the company to adopt the same.

Nellis in his Treatise on the Law of Street Railroads, vol. 2 (2d Ed.) § 270, p. 532, says: "And a rule of a street railroad which issues transfers for several intersecting lines that the passenger must demand the transfer at the time of the payment of the fare is not unreasonable since the company is entitled to protect itself against dishonest persons who may seek to obtain more than one transfer."

■ And in 10 Corpus Juris, § 1248, p. 814, the rule is thus stated by the author: "In carrying out the system of transfers, it has been held that it is a reasonable regulation for a street railroad company to establish a rule that a passenger must demand a transfer *at the time* of the payment of his fare, or at a certain point on the line. *This does not mean, however, that the act of paying fare and the demand shall occur at the same second of time.*" (Italics supplied.)

The Appellate Division of the Supreme Court of New York, in the case of Ketchum v. New York City Railway Co., 118 App.Div. 248, 103 N.Y.S. 486, held a rule of a street railroad, operating in the city of New York, to be reasonable which required a passenger to demand the transfer at the time of the payment of the fare. To the same effect was the ruling of the same court in the case of Crandall v. International Railway Company, reported in 133 App.Div. 857, 117 N.Y.S. 1055.

While the rule in question is reasonable, it, of course, should be given a reasonable application to the facts in each case, taking into consideration the surrounding circumstances. The rule was established for practicable purposes, and to prevent fraud and imposition on the part of those dishonestly inclined. It was never intended, we are persuaded, to be so exacting or rigidly applied as to make the right of transfer dependent upon the demand being made therefor so instanti upon the payment of the fare. 10 Corpus Juris, 1248, p. 814. Reasonable compliance with a reasonable rule is all the rule contemplates, and all that the law upholding the reasonableness of the rule would require.

■■ Whether the rule in the first instance is reasonable is a question of law for the court to determine, Pullman Car Co. v. Krauss, 145 Ala. 395, 40 So. 398, 4 L.R.A.(N.S.) 103, 8 Ann.Cas. 218; Birmingham R. Light & Power Co. v. McDonough, 153 Ala. 122, 44 So. 960, 13 L.R.A.(N.S.) 445, 127 Am.St.Rep. 18; while it is for the jury to determine whether there was, in any given case, under the evidence, reasonable compliance with the rule. In determining such question the purposes designed to be accomplished by the rule should be borne in mind and given due consideration.

Webster, in his dictionary, defines "at" to mean *nearness* in place or time. Ray v. State, 50 Ala. 172.

We do not think plaintiff's replication to defendant's pleas 2, 3, 4, and 5 was subject to any ground of demurrer assigned thereto. In our opinion it was sufficient answer to said pleas.

■■ Of course this replication should not have been filed to defendant's plea 1, the general issue, but it does not appear that the defendant suffered any injury from the action of the court in overruling defendant's demurrer to this replication as filed to said plea. The case was tried

upon the theory that plea one was before the court and jury, for all purposes. In view of Rule 45 we will not reverse for this error.

Under the evidence in this case the defendant was not due the general charge under either count of the complaint, and hence the court properly refused to instruct the jury in the terms of its refused charges 1 and 2. Nor was there error in refusing charge three requested by the defendant.

This brings us to a consideration of defendant's assignments of error which present for review the action of the court in overruling defendant's motion for a new trial.

The evidence wholly fails to show that the plaintiff suffered any serious consequences in being refused a transfer; that she was delayed in making her journey home for only a few minutes; that no rudeness was shown her; that she was not ejected from the car, but left at the point she was due to leave it of her own volition; and that in a few minutes after leaving the car she caught another and continued her homeward trip. About the only thing she could complain of was she had to accept a loan of 5 cents from a stranger to augment the amount she had, in order to pay her fare home. It is true that this occurred at night, but the plaintiff's own testimony showed she was not afraid to go about at night in Birmingham and its vicinity.

Under the evidence in this case, the verdict of the jury awarding plaintiff damages in the sum of $250 is so grossly excessive as to stamp the verdict as wrong and unjust, and requiring judicial interference here. It is evident that such a verdict must have been the result of bias, passion, or prejudice on the part of the jury. We cannot permit it to stand.

On account of the trial court's refusal to grant the defendant a new trial based on the excessiveness of the damages awarded, the cause will be reversed, unless the plaintiff shall, within thirty days from this date, file in this cause her consent to a reduction of damages to $50.

Let the appellee pay all cost of this appeal.

Affirmed conditionally.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.