20 So.2d 585

**MESSER v. SOUTHERN AIRWAYS SALES CO., Inc.**

**6 Div. 171.**

Supreme Court of Alabama.

Jan. 18, 1945.

290

demurrer. The majority of the court, consisting of THOMAS, BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., are of opinion that the grounds of demurrer taking the point that the facts averred in count two do not support the conclusion of willful or wanton injuries, were well taken. Lehigh Portland Cement Company v. Sharit, 234 Ala. 40, 173 So. 386.

On this point GARDNER, C. J., and SIMPSON, J., dissent.

 The majority, consisting of GARDNER, C. J., THOMAS, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., hold that counts six, seven and eight are good, as against the demurrer, and the court erred in sustaining the same.

Reversed and remanded.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, STAKELY and SIMPSON, JJ., concur in the reversal.

BROWN, Justice (dissenting).

The writer is of opinion that inasmuch as the breach of the contract alleged in count six was, "Defendant failed and refused to place said airplane in its hanger in said airport. It failed and refused to render merchantible service. It failed and refused to sell complainant gas and motor oil at the time and place aforesaid," it was subject to the defect pointed out by the demurrer that, it did not show either tender of the usual charges for such services, or that plaintiff was ready, willing and able to pay the same. Messer v. Southern Airways Sales Co., 245 Ala. 462, 17 So. 2d 679.

Count seven shows no causal connection between the injury to the airplane and the negligence averred. Western Railway of Alabama v. Mutch, Adm'r, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St.Rep. 179.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellant.

Francis H. Hare, of Birmingham, for appellee.

PER CURIAM.

 The court, sitting in general conference, is of opinion that count one, in not averring that seasonable tender was made to the defendant for the services demanded of the defendant at said airport, was subject to the nineteenth ground of

So far as appears from the averments of count eight, the concessions operated by the defendant constituted a private business, and said count neither shows a tender for services demanded, nor that defendant was ready, willing and able to pay for said services.

Counts 3 and 4 are subject to the same demurrable defect as the first count, and to the further defect that, each joins in the same count causes of action for damages arising ex contractu and ex delicto. This

is not permissible. Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; Louisville & N. R. R. Co. v. Cofer, 110 Ala. 491, 18 So. 110.

Count five in form is in case for the breach of duty arising out of contract, and is subject to the demurrable defects that, it does not aver that the defendant was engaged in operation of said municipal airport as a public utility, but merely avers that defendant operated the hangar and had a concession for the sale of fuel and parts, and that plaintiff "offered to pay the standard and usual charges, and that defendant failed and refused to do the things complained of." It does not aver that defendant operated the hangars, or the business of supplying the fuel and parts as a public utility or that it assumed or undertook to store plaintiff's airplane or service the same. Non constat, the averments at best, when construed against the pleader, show an offer of plaintiff, not accepted, which does not constitute a contract. Therefore, the negligence is alleged as a mere conclusion of the pleader.

For the above reasons, I respectfully dissent.